REGAN, Judge.
Plaintiff, the United States Fidelity & Guaranty Company, as subrogee of its insured, Mrs. George Morse, filed this suit against the defendant, Dixie Parking Service, Inc., d/b/a Eglin’s Parking Garage, endeavoring to recover the sum of $500.00, the amount it paid as the result of a theft claim. Plaintiff asserted that the defendant’s parking attendant orally entered into *378 a contract of deposit for the storage of a mink stole left in the Morse automobile, and the fur was taken while it was in defendant’s custody.
Defendant answered and denied it accepted the fur for safekeeping. It further averred that if such an agreement had been consummated, it was entered into by an employee without authority to so contract on its behalf. Additionally, it pleaded that Mrs. Morse was negligent in leaving the fur in her automobile and her contributory negligence barred recovery.
From a judgment dismissing plaintiff’s suit, it has prosecuted this appeal.
The facts are not disputed. On February 17, 1969, the day before Mardi Gras, Mr. and Mrs. George Morse drove from their home in Pass Christian, Mississippi, to New Orleans to attend a luncheon and other carnival festivities. They arrived in New Orleans at approximately noon and Morse drove his wife to the restaurant where the luncheon was being held before parking their car. He then drove to defendant’s garage in Iberville Street. When he was depositing the car, he pointed out to the parking attendant articles of clothing stored in the rear of his station wagon. Because there was no way to lock the car, he inquired as to whether he could safely leave these items in the vehicle. He was assured his personal effects would be safe.
Several hours later, Mrs. Morse returned to the garage to claim the car and drove from there directly to the New Orleans yacht harbor. The Morses planned to stay overnight on their yacht. When she was unloading the car, she noticed the fur piece was missing. Thereafter, a friend telephoned the police and the garage to notify them of the theft.
Testimony adduced on defendant’s behalf established four facts: (1) No employee of the defendant garage who testified recalled the Morse vehicle being parked; (2) all employees of defendant are instructed not to accept personal items for storage in the garage; (3) a large sign is posted at the garage entrance stating defendant will not be responsible for articles left in automobiles; and (4) the parking stub given to the depositor also states that the garage is not responsible for articles left in the vehicle.
The record reflects defendant failed to call as a witness the attendant who received the car from Morse. It further shows defendant omitted to disclose his name in answering an interrogatory propounded by plaintiff which asked for the name and address of all employees of the garage on the date of the loss. It was not until the trial was in progress that it became apparent that one Mack Pastell was employed by defendant at the time and he was the attendant who received the Morse automobile. The garage manager was questioned as to whether Pastell was available. He responded:
“A. I have no idea. He might still be in the City. I have no idea.
“Q. He no longer works for you ?
“A. He no longer works for me.”
It appears that the defendant made no effort to locate Pastell as a witness prior to the trial hereof.
In view of these facts, we must determine whether a verbal agreement of deposit quoad the fur was consummated between Morse and the attendant, and, if we conclude that it was, whether the parking attendant could bind his employer thereby.
The testimony of Morse establishes that the parking attendant did agree to the deposit of the clothing in the station wagon. This evidence stands uncontra-dicted in the record and the failure of Mack Pastell to appear as a witness or for defense counsel to adequately explain why he did not appear, creates the presumption his testimony would be adverse to *379 defendant.[1] In other words, we must conclude he would have corroborated Morse’s testimony. Thus, under our law, the contract of deposit was effected when Morse inquired as to whether the clothing would be safe and the attendant assured him it would be.[2] Ordinarily, a public garage is liable only for the vehicle deposited unless by special agreement the depositary accepts responsibility for personal articles left in the vehicle.[3]
Having concluded an agreement of deposit was confected between Morse and the parking attendant, we must now determine whether defendant is' responsible for the loss of the fur piece. Defendant argues if the mink was accepted for deposit, its employee exceeded his authority in entering into the contract; therefore, no liability attaches to the garage. Our analysis of the evidence convinces us that the defendant’s employees were instructed not to accepf personal effects for deposit. Not only is the policy of defendant established by testimony, but it is also stated on the parking stub and on a large sign posted at the entrance to the garage. Thus, in accepting the responsibility for the Morses’ clothing the parking attendant actually exceeded his authority. The limitations within which an employee of a public garage may contract on behalf of his employer were discussed in Munson v. Blaise,[4] wherein the organ for the court reasoned as follows:
“ * * * ordinarily, we would say that his employee was without authority to enlarge upon his responsibility by undertaking to care for personal property left in the automobile, since such an agreement would be beyond the scope of the authority of an agent and servant because, such articles were not necessary or useful equipment of the automobile.”
In Munson it was revealed that the garage maintained a place in their office for storage of parcels when the depositor called them to the attention of the parking attendant. Inasmuch as provision was made for storage, the court concluded that the employer had apparently conferred authority on his employees to accept personal items for deposit and a contract entered into by the employee for the storage of personal effects was binding on the owner of the garage. In this case, we note there is no evidence to the effect that the defendant maintained a special section for storing personal items. The record discloses that when the garage attendants noticed that clothing or other articles were left in the automobiles, they parked the car on the fourth level and locked it in order to safeguard the goods. However, if the articles were observed before the owner left the garage, he was requested to take the parcels with him.
In Munson, it is apparent .that the depositary accepted the personal effects for deposit. Thus, the consent required to con-fect the agreement existed. In this case, it is quite obvious that the defendant did not authorize nor did it assent to the storage of personal articles. What it did was to exercise precautions against theft if personal effects were discovered in vehicles after the owner left the garage.
Since there is no fact from which we can infer defendant conferred authority on its employees to accept personal items for deposit, we must reach the inevitable conclusion that the attendant exceeded his *380 authority in accepting the mink stole for storage. Thus, his principal is not liable for the loss. LSA-C.C. Art. 3010 provides :
“The attorney can not go beyond the limits of his procuration; whatever he does exceeding his power is null and void with regard to the principal, unless ratified by the latter, and the attorney is alone bound by it in his individual capacity.”
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Hughes v. Chrysler Corporation, La.App., 216 So.2d 636 (1968) and cases cited therein.

. LSA-C.C. Art. 2932 provides: “The voluntary deposit takes place by the mutual consent of the person making the deposit and the person receiving it.”

. Norwegian Government Seamen’s Service v. Himbert, Parking Service, La.App., 228 So.2d 757 (1969) ; Travelers Insurance Company v. General Auto Service Inc., La.App., 220 So.2d 738 (1969) ; General Accident Fire & Life Assur. Co. v. J. F. D. L. Inc., La.App., 148 So.2d 857 (1963).

.La.App., 12 So.2d 623 (1943).