256 So.2d 479 (1972)
UNITED STATES FIDELITY & GUARANTY COMPANY and Helen Jean Owens, Plaintiffs-Appellees,
v.
ALLRIGHT SHREVEPORT, INC., Defendant-Appellant.
No. 11721.
Court of Appeal of Louisiana, Second Circuit.
January 4, 1972.
*480 Hendrick & Carmouche by Paul J. Carmouche, Shreveport, for defendant-appellant.
Mayer & Smith, by Caldwell Roberts, Shreveport, for plaintiffs-appellees.
Before AYRES, HEARD and HALL, JJ.
HALL, Judge.
This suit was brought by United States Fidelity & Guaranty Company and Helen Jean Owens, against Allright Shreveport, Inc., to recover the value of clothing taken from an automobile parked by Mrs. Owens in a parking garage operated by defendant. *481 The clothing had an alleged value of $525.50. The insurance company paid Mrs. Owens $425.50 under its theft coverage and as subrogee seeks judgment in that amount. Mrs. Owens seeks recovery of $100. Judgment was rendered in favor of plaintiffs as prayed for and defendant perfected a suspensive appeal. We affirm the judgment of the district court.
Defendant operates a multi-story parking garage on the corner of Travis and Edwards Streets in Shreveport, across the street from the Washington Youree Hotel where Mrs. Owens was employed as a musician. From the time Mrs. Owens went to work at the hotel in the latter part of February, 1969, she regularly parked her car at defendant's garage. During this time she lived with a girl friend in the friend's apartment and because of a lack of space in the apartment, Mrs. Owens kept some of her clothes on a rod across the back seat of her automobile. On each occasion when she parked at defendant's parking garage there were clothes left in the automobile.
On March 9, Mrs. Owens parked her automobile, with clothes on the rod across the back seat, in defendant's garage. For several days she traveled to and from work with her friend in the friend's car. She returned for her automobile after work on March 13, about 1:15 a. m., and when the car was delivered to her, the clothes were missing. The matter was immediately called to the attention of the parking attendant and was reported to the police.
The evidence shows that the car was kept on the third floor of the parking garage and was not locked when the attendant went to get it for Mrs. Owens. The garage was open twenty-four hours a day with an attendant on duty at all times. There was a sign downstairs that the owner of the garage would not be responsible for lost or stolen articles. Defendant's attendant testified he saw clothes in plaintiff's car each time she parked there including the occasion when he parked her car on March 9. Plaintiff testified she discussed leaving the clothes in the car with a man she thought was manager of the parking garage, but whom she could not specifically identify, and he advised her the clothes would be safe. The manager did not testify on behalf of defendant, the only witnesses for defendant being two attendants who both testified they had never discussed the matter of the clothes with plaintiff.
In a written opinion the trial judge held that the operator of a parking lot is a compensated depositary, that the responsibility of a depositary is that which an ordinary man uses in preserving his own property, and this responsibility may be enlarged or changed by special agreement. The trial judge further held that after the loss has been shown, as in this case, the burden is on the defendant to exonerate himself from a presumption of fault and that the evidence in this case was insufficient to sustain defendant's burden of proof.
On appeal defendant contends:
(1) That a parking garage is not responsible for personal articles left in a vehicle without a special agreement enlarging the responsibility of a compensated depositary.
(2) That even if there was such an agreement by defendant's employees in this case, such agreement is not binding upon defendant because the employees exceeded their authority.
(3) That defendant was not negligent.
(4) That the evidence was insufficient to establish the identity and value of the clothes left in the automobile.
Under the settled jurisprudence of this State, the operator of a parking garage is a compensated depositary. Particularly pertinent here are LSA-Civil Code Articles 2932, 2933 and 2937 which provide:
"Art. 2932. The voluntary deposit takes place by the mutual consent of the *482 person making the deposit and the person receiving it."
"Art. 2933. The voluntary deposit can only be regularly made by the owner of the thing deposited, or with his consent expressed or implied.
"Consent is implied when the owner has carried or sent the thing to the depositary, and the latter knowing that the thing had been sent, has not refused to receive it."
"Art. 2937. The depositary is bound to use the same diligence in preserving the deposit that he uses in preserving his own property."
The responsibility of the operator of a parking garage clearly applies to the vehicle deposited with the garage. The responsibility of the depositary garage may be enlarged to cover personal articles left in the vehicle by special agreement or by actual and constructive notice and acceptance of the things deposited, or as Article 2933 provides, when the depositary "... has not refused to receive" the things. General Accident Fire & Life Assur. Co. v. J. F. D. L., Inc., 148 So.2d 857 (La.App. 4th Cir. 1963); Mintz v. Audubon Insurance Company, 140 So.2d 809 (La.App. 4th Cir. 1962); Lee v. New Orleans Roosevelt Corporation, 106 So.2d 855 (La.App.Orl. 1958); Munson v. Blaise, 12 So.2d 623 (La.App.Orl.1943).
Here plaintiff testified she discussed the matter of the clothes with the garage manager and he agreed that it was satisfactory to leave the clothes in the car and assured her they would be safe. This amounted to a special agreement enlarging the responsibility of the garage to include the clothes left in the vehicle. Even in the absence of such special agreement, the responsibility of the garage was enlarged here by actual knowledge on the part of defendant's employees that the clothes were in the car and the acceptance of the vehicle with the clothes in it for deposit.
Defendant contends that regardless of any special agreement or knowledge by its employees, it is not bound thereby in that the employees exceeded their authority in direct violation of specific instructions given to them that no personal articles were to be accepted, citing United States Fidelity & Guaranty Company v. Dixie Parking Service, Inc., 248 So.2d 377 (La. App. 4th Cir. 1971) and Munson v. Blaise, Supra. Even if defendant's employees exceeded their actual authority, we find that under the circumstances of this case, the employees had apparent authority to accept the deposit of the automobile together with the clothes left inside of it. This is particularly true since plaintiff had parked her automobile with the clothes in plain sight regularly and on numerous previous occasions without objection on the part of anyone connected with the garage.
Having established the existence of the deposit and the loss of the property while deposited, a presumption is raised that the loss resulted from the depositary's negligence or fault and the burden is then upon the depositary to exonerate itself from that presumption. Brown & Blackwood v. Ricou-Brewster Building Co., 239 La. 1037, 121 So.2d 70 (1960); Neely v. Tamburello, 187 So.2d 526 (La.App. 4th Cir. 1966). Although defendant offered evidence showing the automobile was parked on the third floor, that an attendant was on duty at all times and that anyone entering the garage would have to pass through the entrance where the attendant was ordinarily on duty, there was no direct evidence explaining the disappearance of the clothes from the car. Defendant has failed to carry its burden of proving the loss did not result from its negligence or fault.
In proof of the amount of the loss, Mrs. Owens identified each item of clothing, the place purchased, the date purchased, the original cost and her estimate of the present value. An adjuster for the plaintiff insurance company testified he had adjusted claims of this nature for *483 eighteen years and was familiar with the value of clothing. He arrived at fair values based on the cost, age and condition of the clothing as described by Mrs. Owens. The value of the clothing was adequately proved in the absence of contradictory evidence.
For the reasons assigned, the judgment of the district court is affirmed at defendant-appellant's costs.
Affirmed.