262 So.2d 365

**UNITED STATES FIDELITY & GUAR-**
**ANTY COMPANY**

**v.**

**DIXIE PARKING SERVICE, INC. d/b/a**
**Eglin's Parking Garage.**

**No. 51585.**

May 1, 1972.

Rehearing Denied June 5, 1972.

Bienvenu & Culver, A. William Mysing, Jr., New Orleans, for plaintiff-applicant.

Hammett, Leake & Hammett, Craig R. Nelson, New Orleans, for defendants-respondents.

DIXON, Justice.

Plaintiff-relator is the subrogee of George E. Morse, who suffered the loss of his wife's fur stole at defendant's parking garage. The trial judge dismissed the suit, holding that "proof was not sufficient to take this case out of the category of the ordinary requirement of bailment." The Court of Appeal affirmed. 248 So.2d 377.

On the day before Mardi Gras, Morse and his wife drove into New Orleans. Mrs. Morse alighted at a restaurant, and Mr. Morse took the car to defendant's parking garage, where Morse turned the car over to an attendant.

The automobile was a station wagon. There was luggage and a fur in the back portion of the vehicle. When the attendant handed Morse the ticket, Morse asked him, "Will these things be safe in the car?" The attendant answered, "Yes." Morse's attention was not directed to a sign by which

defendant declined responsibility for objects left in cars, nor to the reverse side of the parking stub, on which appeared a similar disclaimer.

The Court of Appeal agreed with the defense advanced, holding that the defendant's employee exceeded his authority in accepting the deposit of the fur. Relator argues that the attendant was clothed with apparent authority to bind his principal.

The factual finding of the Court of Appeal, with which we agree, was that defendant's employees had been instructed to accept no "personal items" for deposit. Since C.C. 3010 provides that, "The attorney can not go beyond the limits of his procuration; whatever he does exceeding his power is null and void with regard to the principal, . . .," the Court of Appeal held that the defendant-principal was not liable.

C.C. 3010 is not the only statutory provision governing the relationship between depositor and depositary when the depositary's employee violates the instructions of his employer. C.C. 3000 provides that, "powers granted to persons, who . . . fulfill certain functions, . . . need not be specified, but are *inferred* from the functions which these mandataries exercise." (Emphasis added). C.C. 2768 might also apply: "The undertaker is responsible for the acts of the persons employed by him." For example, if it had been proved

that an employee had taken the missing fur, the liability of the defendant would be clear, regardless of instructions he might have given his employees.

C.C. 3000 was interpreted in Miller v. New Orleans Canal and Banking Company, 8 Rob. 236. There the acts of an agent of the bank, employed to construct a canal, were held to obligate the bank, even though the bank had not authorized the particular contract sued on, the court holding that the power of the agent to obligate the bank was to be *inferred* from the function for which he was employed.

The attendant who received the Morse car and who gave Morse the ticket stub performed, to that point, the precise function for which he had been employed. He was in the place where his employer put him—the first and only employee of the defendant in contact with Morse. Morse did inquire if the clothes would be safe. It would be unreasonable to infer from the functions of this employee of the defendant, in the absence of a showing of an attempt to limit the liability · of the defendant, that the attendant did not possess the power to receive the contents of the automobile, especially called to his attention.

Because of the principle announced in C.C. 3000, defendant cannot avail itself of

the instructions given its employee (instructions not called to Morse's attention) to exculpate itself from liability which might arise from the loss of articles left in a parked automobile. Morse was entitled to *infer* that the attendant had the authority to receive the deposit of the articles.

We do not have before us a serious contention that the liability of the depositary has been limited[1] because there is no evidence that the depositor's attention was directed to any attempted limitation of liability by defendant's employee.

The Louisiana Supreme Court in 1821 considered the nature of deposit in Durnford v. Seghers' Syndics, 9 Mart.(O.S.) 470. The court concluded that the commentators and Civil Code page 410, article 4 (1808)[2] (as does our present C.C. 2929) denominate the contract of deposit as "essentially gratuitous." Civil Code article 2929 continues: "If the person, with whom the deposit is made receive a compensation, it is no longer a deposit, but a hiring."

But generally, Louisiana has not treated compensated deposits as the "letting out of labor or industry," to be governed by C.C. 2745-2777. Although C.C. 2929 announces that deposit is essentially gratuitous, C.C. 2938 states that the duty of preserving the deposit is to be more "rigorously enforced

1. 12 Tul.L.Rev. 458.

2. The article was derived from French sources. Batiza, "The Louisiana Civil Code of 1808: Its Actual Sources and Present Relevance," 46 Tul.L.Rev. 4.

\* \* \* if it has been agreed that he (the depositary) shall have a reward for preserving the deposit."

In France the concept of compensated deposit is treated, not under the codal articles on hiring, but under those on deposit, "because the special obligations of the hired custodian are precisely those of the depositary." Hall, 25 Tul.L.Rev. 268, 271. It is there noted that the French law has developed principles which have also become well accepted in Louisiana; the compensated depositary may refuse to assume obligations which are not required by the precise function of the deposit; such contract shifts the burden of proof of fault upon the depositor; the depositor is not bound by exculpatory clauses unless they are brought to his knowledge.[3]

Deposit takes place by consent (C.C. 2932) and consent is implied when the thing is placed with the depositary, and the depositary "has not refused to receive it." (C.C. 2933). Here the deposit of the automobile and its contents was complete when it was shown that the parking lot attendant had knowledge of the contents of the car, and had "not refused to receive it."

No Louisiana Supreme Court case has been found concerning the obligation of the operator of a commercial parking lot, where automobiles and their contents and keys are left with an attendant. A classic example of the treatment of the subject in the Courts of Appeal is United States Fidelity & Guaranty Company v. Allright Shreveport, Inc., 256 So.2d 479. There it was held that the parking lot was liable for the disappearance of clothes left on hangers on a rod across the back seat, of which the attendant was aware. The court held that the attendant had apparent authority to accept the deposit of car and clothes, and that the loss raised a presumption of the depositary's fault from which the depositary must exonerate himself to escape liability.

The result reached in the case before us would not be different if we applied the principles enunciated in United States Fidelity & Guaranty Company v. Allright Shreveport, Inc., supra.

For the reasons assigned, the judgment of the Court of Appeal is reversed, and there is now judgment in favor of United States Fidelity & Guaranty Company and against Dixie Parking Service, Inc., d/b/a

3. The majority view in France today is that the depositary is liable to the depositor for items left in the vehicle by the depositor even though the depositary's agent had no authority to accept that type of deposit. Lang v. Garage Moderne, [1953.2] Gaz.Pal. 169 (Cour d'appel, Colmar); Société Lyonnaise de Transports Garage Terminus v. Homo, [1950.2] Gaz.Pal. 120 (Cour d'appel, Lyon); Hennequart et Cie La Confiance v. Claudon, [1950.1] Gaz.Pal. 115 (Trib.Com., Seine).

Eglin's Parking Garage, for five hundred ($500.00) dollars (the stipulated damages), with legal interest from date of demand, and all costs.

Reversed and rendered.