292 So.2d 282 (1974)
ZURICH INSURANCE COMPANY
v.
DAIGLE PONTIAC-BUICK, INC., et al.
No. 9712.
Court of Appeal of Louisiana, First Circuit.
February 11, 1974.
*283 Charles W. Wilson, III, Baton Rouge, for appellant.
A. J. Kling, Jr., Gonzales, for appellees.
Before SARTAIN, TUCKER and WATSON, JJ.
PER CURIAM.[*]
This is a subrogation suit by plaintiff Zurich Insurance Company to recover Five Hundred Fifty-one and no/100 ($551.00) Dollars paid under an insurance policy issued to Earl Trabeaux for loss occurring when he took his 1971 Pontiac GTO automobile to defendant Daigle Pontiac-Buick Company for minor repairs, and was forced to leave it there overnight, during the course of which some one stole four wheels from Mr. Trabeaux's car and committed other damage upon it. Judgment was granted in the defendant's favor in the trial court, and plaintiff has appealed.
Plaintiff cites as error the following:
I. That the trial judge erred in holding that a compensated depositary is not required to provide a fenced area or a night watchman.
II. That the trial judge erred in unequivocally holding that the compensated depositary is required only to exercise the same degree of care as to vehicles left with him as he would with his own property.
The lot on which Mr. Trabeaux's car was parked fronts on Burnside Street which is the main thoroughfare of Gonzales, Louisiana. Along the front of this lot two rows of new cars were parked which were for sale. The Trabeaux vehicle was parked behind them, locked. The lot was well lighted, to the extent that a person could be seen on the lot and the colors of the automobiles could be distinguished. The lot was unfenced, however, and no night watchman was provided. Since Burnside Street is the main thoroughfare, it is regularly patrolled by the city police, and in fact, on the night of the theft extra patrolmen were on duty because of a football game being played in Gonzales. Furthermore these patrolmen did indeed see the thieves leaving the parking lot. They gave chase to them, but they managed to escape.
Civil Code Article 2937 provides that "The depositary is bound to use the same diligence in preserving the deposit that he uses in preserving his own property." Counsel for plaintiff, relying upon Verdin v. Quality Chevrolet Co., 255 So.2d 458 (La.App. 1st Cir. 1971), argues strenuously that, in the case of a compensated depositary, Article 2937 requires him to provide a fenced area for the vehicle and a night watchman. In distinguishing the Verdin case from the instant case, the trial judge made the following statement in his written reasons for judgment:
"We believe that the Court therein made it clear that each case of this type would depend upon the facts of the particular case. Therein the evidence clearly indicated that the defendant had failed in his duty to remove the keys from the ignition and to have locked the doors of plaintiff's vehicle prior to the theft. The evidence herein shows that the automobile of the plaintiff was properly locked and that there was no theft of the automobile. We believe the distinguishing feature of the two cases are the fact that in the cited case the vehicle was left unlocked with the key in the ignition *284 while in the instant case the automobile of plaintiff was locked and protected to the same extent as the defendant's new automobiles.
"We have carefully considered the jurisprudence cited by the plaintiff and fail to find that it establishes a new or different standard of care from that of the Civil Code. We believe that the codal (sic) article is based on the premise that every man will use reasonable care to safeguard his own property. If reasonable care is exercised, it establishes the standard of care to be used with a depositor's property. Thus, we cannot say that a parking lot should be fenced or that a night watchman must be provided, or that extra precautions should be undertaken to protect the depositor's property under all circumstances. The question is whether or not the care exercised by the depositary is commensurate with the care which he should have exercised over his own property. We agree with the holding of the cited decision that each case of this nature must be decided on its own facts."
We think that the trial judge correctly distinguished the Verdin case from this one. Defendant exercised the same degree of care which it exercised over its own property which consisted primarily of new automobiles. The area in which the Trabeaux vehicle was parked was well-lighted to the extent that one could see a person standing in the lot and could distinguish the colors of the various automobiles parked there. The Trabeaux vehicle was locked and the keys placed in a safe place. Defendant's premises were regularly patrolled by the police, with increased patrolling on the particular night of the theft. All reasonable precautions were taken. We agree with the finding of the trial judge that the evidence preponderates to indicate that defendant acted within the intendment of C.C. Art. 2937 to preserve the deposit as a prudent administrator, using the same diligence and standard of care he used for his own automobiles. Civil Code Article 2937 does not require him to be an insurer of vehicles left with him.
The judgment of the trial court is affirmed for the reasons set forth above at the appellant's costs.
Affirmed.
NOTES
[*] This opinion was authored by TUCKER, J. prior to his death on the 25th day of January, 1974, and is concurred in by the remaining members of the panel.