297 So.2d 540 (1974)
David C. LEATHERMAN, Plaintiff-Appellee,
v.
MILLER'S MUTUAL FIRE INSURANCE COMPANY OF TEXAS, and Herbert F. Hempen, d/b/a Hempen Motor Company, Defendants-Appellants.
No. 4586.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1974.
*541 John G. McLure, Alexandria, for defendants-appellants.
Pharis & Pharis by James A. Pharis, Jr., Alexandria, for plaintiff-appellee.
Before FRUGE, DOMENGEAUX and WATSON, JJ.
WATSON, Judge.
The facts of this lawsuit are undisputed. Plaintiff, David C. Leatherman, left his 1968 Toyota Land Cruiser at Hempen Motor Company in Alexandria, Louisiana, for the purpose of having minor repairs made to the automobile. It was stolen from the premises of Hempen Motor Company on the night of February 16, 1972, or in the early morning of February 17, 1972, and has not been recovered. Plaintiff brought this suit against Herbert F. Hempen, operating as Hempen Motor Company, and his insurer, Miller's Mutual Fire Insurance Company of Texas, to recover the value of the vehicle, agreed to be $1,600.
The trial court found that plaintiff was entitled to recover the value of the automobile, and rendered judgment accordingly. Defendants have appealed to this court.
Defendant Hempen was a compensated depositary under Louisiana law. His obligations to plaintiff are set forth in LSA-C.C. arts. 1908, 2937 and 2938. Hempen was required to care for the deposit as a prudent administrator. As the Louisiana Supreme Court stated in Coe Oil Service, Inc. v. Hair, La. 1973, 283 So.2d 734:
"Our jurisprudence treats a compensated depositary as one against whom the obligation of preserving the property is under Article 2938 rigorously enforced. United States Fidelity & Guaranty Co. v. Dixie Parking Service, 262 La. 45, 262 So.2d 365 (1972). See Notes 25 Tul.L. Rev. 268 (1951) and 12 Tul.L.Rev. 458 (1938)." 283 So.2d 737.
The circumstances surrounding the theft were set forth by the trial court, as follows:
"Hempen conducts an automobile agency fronting on Sixth Street in Alexandria, Louisiana. His business is located between Fiske and Beauregard Streets and faces in a northerly direction. Two buildings front on Sixth Street with one of them cornering at Fiske and Sixth in the north corner of the block. This is the body shop and warehouse. Adjacent, and in the middle of the block, is a separate building used as showroom. Between the showroom and Beauregard is an open lot used for storing and displaying vehicles Hempen offers for sale. To the rear of the two buildings described is a metal building which opens on to Fiske Street. All three buildings are interconnected by what the owner referred to as `tunnels' which appear to be simple construction which joins them and permits passage from the body shop to the showroom and from the back of the showroom to the rear side of the Fiske Street building. A building belonging to the Salvation Army fronting on Beauregard Street backs up to the Fiske Street building with a space in between. The Salvation Army building and the showroom touch at their corners so that a cul-de-sac is made between the Fiske Street building and the Salvation Army building ending at the showroom building. The cul-de-sac is in the interior of the block. At the end of the cul-de-sac there are three wooden windows with glass panes in the rear of the showroom opposite an area used as a parts department.
"The thieves broke through the windows just mentioned to gain entry into the Hempen premises. An ordinary padlock secured two sliding doors which opened from the Fiske Street building into Fiske Street. The lock was on the inside of the building. The thieves broke the lock after entering and the plaintiff's Toyota was apparently driven through the opening made by sliding the doors back.
*542 "A dusk-to-daylight lamp illuminates the lot containing Hempen's cars on the lot at Beauregard and Sixth. No light illuminated the cul-de-sac where the break-in was made. Hempen testified that he kept all customer cars locked-up in his buildings and the keys were locked in his safe to which only he and his secretary had access. (Hempen's deposition pp. 21 & 22)
"On the night in question the service man who was working on the plaintiff's vehicle worked late. At the time of the trial this service man was not called as a witness, and there was no testimony concerning the disposition of plaintiff's car keys when the service man left after work. However, after the theft all car keys except that of the Toyota were in defendant's safe. The fair conclusion is that the service man working on plaintiff's car left it where the thieves were able to find it. Hampen testified that the thieves appeared to have made an attempt to open the safe because of a number of matches strewn around the safe. Because of this Hempen concluded that the thieves were not professional safe-crackers. The windows which were broken were covered with a hardware cloth which the thieves tore away. The evidence indicates that the break-in was accomplished without any effort and the place of the break-in is generally screened from view and dark. Break-ins of automobile agencies is a common occurrence in Alexandria according to one of the investigating officers. Hempen has boarded up the windows in question since the incident and testified that he did so to prevent future break-ins." (T.R. 23-24).
On the basis of these facts, the trial court found that defendant, Hempen, failed to meet the standard required of a prudent administrator under the circumstances.
We affirm.
Defendant Hempen himself established a certain standard of care as to the automobiles deposited with him for repair by locking the keys of those automobiles in his safe. The fact that the only automobile stolen was the one where this procedure was not followed indicates that the standard of care used by defendant was a reasonable one and in fact safeguarded all of the automobiles in his custody with the sole exception of the automobile where this standard of care was not applied.
Defendants-appellants assign numerous errors on the part of the trial court; we find no merit in the contentions and do not feel it necessary to discuss them in detail. In essence, our holding is that stated by the Louisiana Supreme Court in Coe Oil Service, Inc. v. Hair, La. 1973, 283 So.2d 734:
"Hair [Hempen] has not met its burden. Essentially, it cites the fence, lights, and security guard as being adequate precautions for safekeeping of the stored plane and as showing it afforded due care. However, Hair [Hempen] produced no direct evidence to prove that the cause of the loss was other than its failure as depositary to safeguard the property. Therefore, it did not meet the burden imposed upon it as compensated depositary of proving that the loss did not result from its fault. United States Fidelity & Guaranty Co., v. Allright Shreveport Inc., 256 So.2d 479 (La.App. 2d Cir. 1972)." 283 So.2d 738, 739.
For the foregoing reasons, the judgment of the trial court is affirmed, at appellants' costs.
Affirmed.