SCHOTT, Judge.
The Langes brought their automobile to a multistoried enclosed garage building located in the French Quarter in New Orleans and operated by defendant Solari. Mr. Lange handed his keys to the parking attendant and received a claim cheek. He briefly inquired as to the location of a night club and they left. When they returned, about four hours later, the parking attendant advised them that he had started up their automobile and then got out of it to serve another customer, whereupon a thief came into the garage, jumped into the automobile and drove it away.
This suit was initiated by the subrogated insurer of the Langes, INA, for the sum it paid to them for scheduled jewelry worth $5185 and unscheduled personal property in the amount of $1,000. The Langes intervened for $5609.03 as the value of the other items in the automobile.[1] From a judgment in favor of plaintiff and intervenor, defendants, Solari and its insurer USF&G, have appealed.
When the Langes pulled into the parking lot there were two garment bags hanging on each side on the inside of the automobile. Some personal property was on the back seat and two small bags were on the front seat. The value of these items were negligible. The jewelry and items of real value were in the trunk of the automobile. No conversation took place between the Langes and the parking attendant relative to the contents of the trunk or of the automobile in general.
A deposit is an act by which a person receives the property of another binding himself to preserve it and return it in kind, LSA-C.C. Art. 2926. It takes place by the mutual consent of the person making the deposit and the person receiving it, Art. 2932. This consent is implied when the owner makes the deposit and the depositary does not refuse to receive it, Art. 2933.
In United States F&G Co. v. Dixie Parking Serve, Inc., 262 La. 45, 262 So.2d 365 (1972), recovery was allowed where there was a specific discussion between the customer and the parking lot attendant in which the customer was assured that his property would be safe. Similarly, in United States F&G Co. v. Allright Shreveport, Inc., 256 So.2d 479 (La.App. 2nd Cir. 1972), recovery was allowed where the customer and the parking attendant specifically discussed the contents of the automobile and the customer was assured that the contents would be safe. In these cases the court found that there was a special agreement enlarging the responsibility of the garage to include the contents over and above the automobile which, otherwise alone, was the subject of deposit.
In Travelers Insurance Co. v. General Auto Service, Inc., 220 So.2d 738 (La.App. 4th Cir. 1969), plaintiff’s automobile was stolen from a repair shop and the issue was the liability for items which were in the back seat area of the car. Plaintiff did not recall whether he notified the repair man of these items and the repair man testified that he did not notice them. The court reasoned:
“As to the items left in the car, the liability of the car’s depositary for their loss appears to depend on whether the car’s depositary either expressly consented to act as depositary for those items also; or had actual knowledge, or was chargeable with constructive knowledge, of their presence in the car so as to imply the depositary’s consent under LSA-C.C. art. 2933.”
*14 The court dismissed plaintiff’s case since there was no proof of express consent by the defendant to accept the items and no proof that defendant had knowledge of their presence from which consent could be implied. Furthermore, their location in the automobile was not such that the defendant was charged with having constructively seen the items in the car. A similar result was reached by our predecessor court in Lee v. New Orleans Roosevelt Corporation, 106 So.2d 855 (La.App.Orl.1958), in which recovery was denied a customer against the parking lot operator for items in the trunk of an automobile which was stolen from the parking lot.
In the instant case plaintiff and interve-nor contend that defendants were charged with constructive knowledge of the automobile’s contents because the two garment bags were obviously hanging in the back of the automobile.
Alternatively they contend that defendants were charged with constructive knowledge of the contents because the parking attendant admitted having gotten into the car and started it before the theft thereby placing him in a position of having seen the other items inside the car.
We attach no legal significance to the attendant’s entrance into the car because by then the Langes had already left and the automobile had been received without this knowledge. Any contract of deposit was already confected.
Furthermore, the circumstances do not even support constructive knowledge that the garment bags were there when the attendant accepted the automobile. The Langes swapped their keys for a claim check, asked for and got directions to a night club and left. The attendant had no chance to inspect the automobile.
Finally, for plaintiff and ijntervenor to prevail they must establish that defendants had constructive knowledge not merely of the garment bags but of the unseen, hidden contents of the trunk where the items of value were located. We have concluded that there is no basis for imputing such knowledge to defendants so as to support their liability as a depositary based on implied consent.
Accordingly, the judgment appealed from is reversed and there is judgment in favor of defendants Solari Parking, Inc. and United States Fidelity & Guaranty Co., and against plaintiff, Insurance Company of North America and intervenors Gloria La-ton, wife of and Donald E. Lange, dismissing the main demand and the intervention at their cost.
The judgment on the third-party demand for indemnity is also reversed, and it is ordered that there is judgment in favor of United States Fidelity & Guaranty Co., dismissing the third-party petition of Solari Parking, Inc.
REVERSED AND RENDERED.

. The Langes’ claim for the loss of their automobile was settled and is not here at issue.