433 So.2d 1070 (1983)
Donald B. VALLEE
v.
HYATT CORPORATION, ABC Insurance Co., and XYZ Security Services.
No. CA 0448.
Court of Appeal of Louisiana, Fourth Circuit.
April 4, 1983.
Rehearing Denied July 26, 1983.
*1071 Gordon, Arata, McCollom & Stuart, Stephen I. Dwyer, New Orleans, for plaintiff-appellee.
Charles R. Capdeville, Metairie, for defendants-appellants.
*1072 Before AUGUSTINE, BYRNES and WILLIAMS, JJ.
BYRNES, Judge.
This is an appeal from a judgment of the Civil District Court, Parish of Orleans, awarding damages to plaintiff resulting from the theft of his automobile from the garage of the Hyatt Regency Hotel in New Orleans.
On March 6, 1979 plaintiff-appellee, Donald B. Vallee, turned his 1978 Cadillac over to the parking valet at the Hyatt Regency Hotel in New Orleans. Later that evening an attendant gave Mr. Vallee's car to someone claiming to be a friend of Mr. Vallee. Consequently, when Mr. Vallee returned to retrieve his car, he was informed that it was no longer in the garage. Since Mr. Vallee had authorized no one to retrieve his car for him, he concluded that it had been stolen.
The car was recovered approximately nine months later. Upon learning of its recovery, Hyatt had the car shipped to McIlwain Cadillac to be repaired. Hyatt paid $5,814.67 for these repairs and returned the car to Mr. Vallee. Hyatt additionally rented a substitute vehicle for Mr. Vallee for three weeks and replaced the locks at Mr. Vallee's home, at a cost of $884.60.
Mr. Vallee instituted this action against Hyatt Corporation of Delaware, ABC Insurance Co., and XYZ Security Service claiming $40,394.00 in damages. Judgment was rendered for plaintiff as follows:
1) $250.00 for paint work required on plaintiff's automobile; 2) $245.00 for personal items contained in the car which were never recovered; 3) $450.00 for interest lost on a Certificate of Deposit; 4) $4,000.00 pecuniary loss on the repair and sale of a replacement vehicle; 5) $2,100.00 for ordinary wear and tear on the car which was driven 21,000 miles by the thieves and; 6) $1,250 for a Cadillac CB-AM-FM radio and cassette player which was never recovered.
This appeal followed.
Appellants do not contest the finding that a depositor-depositary relationship existed between Vallee and Hyatt once the car was given to the parking valet. Appellants maintain that Mr. Vallee was made whole by their payment, prior to trial, of $6,759.07 for repairs to the Cadillac, rental of a substitute car, and replacement of locks in appellee's home and therefore the award of the trial court is duplicitous and/or not supported by the evidence.

ASSIGNMENT OF ERROR I
By this assignment, appellants contend that the trial court erred in awarding $245.00 for personal items and $1,250.00 for a CB-AM-FM Radio/Cassette player, which were in the car when it was stolen but were never recovered. Relying upon USF & G, Co. v. Dixie Parking Service, Inc., 262 La. 45, 262 So.2d 365 (1972) appellants argue that they cannot be held responsible for the personal items or the radio because it was not shown that the attendant was specifically made aware that these articles were in the car. However, in Insurance Co. of North America v. Solari Parking, 370 So.2d 503, 505 n. 1 (La.1979) the Supreme Court dismissed a similar argument as follows:
This interpretation of USF & G Co. v. Dixie Parking Service Inc. supra, is apparently based on one sentence. `Here the deposit of the automobile and its contents was complete when it was shown that the parking lot attendant had knowledge of the contents of the car and had `not refused to receive it.' 262 La. at 51, 262 So.2d at 367. However, the case did not hold that the attendant's knowledge of the contents of the car was a prerequisite to his receiving them in deposit along with the automobile. See also Coe Oil Service, Inc. v. Hair, 283 So.2d 734 (La. 1973).
The court went on to say: "It would be unreasonable to presume that Solari was unaware that many people frequently leave their personal items in their car." Solari, supra, 370 So.2d at 506.
*1073 Thus it was not fatal to appellee's case that he did not point out the personal articles to the parking attendant. Further, the radio was an in-dash model and is best viewed as a component part of the automobile as a whole. There is no question that it is the depositary's responsibility to return the entire car to the depositor in kind, including the radio. Louisiana Civil Code Articles 2926 et seq.
Regarding the value of these articles, the record reflects that the personal items consisted of 8 track tapes, a tire gauge, a porcelain duck, miscellaneous tools, and business papers. At trial the value of these personal items, as well as that of the radio, was established solely by the testimony of the plaintiff. Neither corroborating or contradictory evidence was introduced.
The "best evidence" of the value of the personal articles and the radio would be the original sales receipts. While Mr. Vallee did not present any independent corroborating evidence to support his testimony regarding the value of his personal possessions or the radio, he may still recover for their loss under the facts of this case if he presented a "minimal degree of detail or specificity in his own testimony" describing his damages. Casadaban v. Bel Chemical and Supply Co., Inc., 322 So.2d 854, 859 (La.App. 1st Cir.1975). Where no contradictory evidence is presented the plaintiff's testimony as to the value and description of the property, including the place of purchase and the price, may satisfy the burden of proof of the plaintiff. Casadaban v. Bel Chemical and Supply Co. Inc., supra; Jordan v. Travelers Insurance Co., 257 La. 995, 245 So.2d 151 (La.1971).
The trial court is given a great deal of discretion in determining the trustworthiness of a witness's testimony. The record reflects that Mr. Vallee testified that the 8 track tapes were valued at $25.00, the tire gauge at $25.00, the porcelain duck at $20.00 and the miscellaneous tools at $100.00. He stated further that the radio was a Cadillac, in-dash, AM-FM-CB radio/cassette player which was purchased at Tape City at a cost of approximately $1,250.00. We feel that the trial judge did not abuse his discretion in allowing recovery for the personal articles and the radio based solely on Mr. Vallee's testimony. However, we calculate the value of the personal articles to be $170.00. (See values listed above). Accordingly the award of $245.00 is incorrect and will be reduced to reflect the correct total. The award for the radio remains undisturbed.

ASSIGNMENT OF ERROR II
By this assignment, appellants argue that if the award for wear and tear on the vehicle is intended as compensation for physical damage then it is a duplication of the payment previously made by Hyatt for repair of the automobile. In the alternative, appellants maintain that if this award represents depreciation of the car then insufficient evidence was presented to support it.
The transcript clearly reveals that the trial court intended the award of 10 cents per mile for the 21,000 miles the car was driven by the thieves, as an award for wear and tear on the vehicle, which we consider synonymous with depreciation. Therefore, we will consider only the alternative argument made by appellants.
The depreciated value of a particular make and model of automobile is an element of loss which is peculiarly within the knowledge of specialists: the amount of discretion usually given to the trial court in awarding damages which cannot be exactly estimated is lessened considerably in such a case. Derouen v. Department of Transportation and Development, Office of Highways, 392 So.2d 765 (La.App. 3rd Cir.1980). An award for depreciation is erroneous where no expert testimony is presented to support such an award. Galle v. Bower, 315 So.2d 65 (La.App. 4th Cir.1975).
The only testimony on this issue which appears in the record is that of Mr. Vallee stating that there were 21,000 additional miles on the odometer when the car was recovered. There was no evidence offered, expert or otherwise, as to the actual *1074 amount of depreciation per mile as a result of these extra miles or as to the depreciated value of an average 1978 Cadillac with a given number of miles on it. The award for wear and tear on Mr. Vallee's 1978 Cadillac thus appears to be erroneous as no evidence was presented to support it. Accordingly the award for depreciation is disallowed.

ASSIGNMENT OF ERROR III
By this assignment, appellants argue that the award of $4,000.00 for pecuniary loss on the sale of a replacement vehicle is erroneous because plaintiff's testimony as to the cost of purchasing, repairing, and selling the replacement car is uncorroborated by other testimony or documentation.
The record reflects that Mr. Vallee testified that Hyatt refused to rent a car for him for longer than three weeks. Therefore he purchased a 1972 Mercedes Benz at a cost of $6,500.00. Mr. Vallee further testified that upon the return of his Cadillac he sold the Mercedes for approximately $5,000.00. The court awarded $1,500.00 for actual loss on the sale of the Mercedes. The record reflects that the trial judge questioned Mr. Vallee as to the cost of any repairs to the Mercedes. Mr. Vallee stated that he incurred over $2,500.00 in expenses for such repair. The court awarded $2,500.00 for these repairs, the result being an award of $4,000.00 total pecuniary loss on the Mercedes.
While we would prefer to see more corroborating evidence as to the figures provided by Mr. Vallee, regarding the purchase and sale of the Mercedes the trial court apparently reasoned that had Mr. Vallee rented an automobile for the entire time during which he had the replacement vehicle, the cost to Hyatt would have been equal to or greater than the loss appellee suffered in the resale of the Mercedes. In compensated deposit cases where the cost of a substitute vehicle is established at trial an award for loss of use of the stolen car is within the scope of pecuniary loss and is therefore allowed. Alexander v. Qwik Charge Car Center, Inc., 352 So.2d 188 (La. 1977). Therefore, we cannot say that this reasoning is manifestly erroneous or shows an abuse of discretion. However, the award of $2,500 for repairs on the replacement vehicle is clearly unsupported by even a minimal degree of specificity as to the reasons for the repairs or who performed them. Thus we are unable to determine whether the repairs performed were necessary to the basic operation of the automobile. Absent such information it was an error for the trial judge to hold Hyatt responsible for those repairs. See Casadaban, supra. We therefore find that the portion of this award representing the cost of repairs on the Mercedes is erroneous and an abuse of discretion. Accordingly the award of $4,000.00 for the repair and sale of the replacement vehicle will be reduced to $1,500.00.

ASSIGNMENT OF ERROR IV
By this assignment, appellants contend that the award of $450.00 for interest lost on a certificate of deposit was not supported by the evidence. The record reflects that Mr. Vallee had a ten thousand dollar loan on the Cadillac, with First Metropolitan Bank. When the automobile was stolen, the collateral no longer existed to support the loan. Mr. Vallee decided to prematurely cash a Certificate of Deposit to pay off the loan in full. The testimony clearly reflects that appellee's decision to cash the Certificate of Deposit was done solely out of a sense of moral responsibility to the Bank. Mr. Vallee testified that he had been a customer of the Bank for 17 years and had an excellent working relationship with them. He made no attempt to renegotiate the loan or arrange for a monthly pay out. While we admire Mr. Vallee's sense of moral responsibility, we find it hard to accept, that, had the Bank been fully apprised of Mr. Vallee's predicament, he could not have arranged to pay the loan over a period of time without prematurely converting his investment to cash. We therefore find that the trial court's award of $450.00 for lost interest on *1075 Mr. Vallee's Certificate of Deposit is erroneous and an abuse of discretion.

ASSIGNMENT OF ERROR V
By this assignment, appellants maintain that because this is a suit on an implied contract legal interest on the award should accrue from the date the "debt" becomes due, i.e. date of judgment. We find this argument to be without merit.
The depositor-depositary relationship is indeed one of implied contract. However, the cause of action herein arose out of the actions of appellants' agent, who negligently gave Mr. Vallee's car to the wrong person. Therefore this claim sounds in tort. In a tort action, "legal interest shall attach from date of judicial demand". La.R.S. 13:4203; Guidroz v. Tauzin, 413 So.2d 682 (La.App. 3rd Cir.1982). Accordingly, interest on the award of the trial court, as amended herein, shall accrue from date of judicial demand.

CONCLUSION
The award of $250.00 for paint work required on the Cadillac is stipulated and uncontested.
The judgment is amended as follows: The award for personal articles not recovered with the automobile is reduced to $170.00. The award for pecuniary loss on the repair and sale of the replacement vehicle is reduced to $1,500.00. The awards for lost interest on the Certificate of Deposit and depreciation on the car are disallowed.
In all other respects the judgment is affirmed.
AMENDED AND AFFIRMED.