jaWATKINS, Judge.
This is an appeal from a judgment in favor of a building owner in his suit in redhibition brought against the manufacturer of windows. Finding no manifest error in the trial court’s finding of defect, we affirm the judgment in plaintiffs favor. However, we find the trial court abused its discretion in awarding damages for some of the itemized claims, and we amend the award of damages accordingly.
DEFECT
During April of 1982, David Grimes purchased 40 windows manufactured by Redman Building Products d/b/a Alenco Window Company (Alenco) for installation in a four-apartment building he was having constructed in Baton Rouge, Louisiana. Alenco’s insurer is Liberty Mutual Insurance Company, also a defendant in the suit.
Mr. Grimes testified at trial that after the windows were installed by Calvin Thierry,[1] they began to leak into the apartments, causing damage to both the upper and the lower floors. Stating that the most severe leakage occurred after “blowing rains,” the plaintiff testified that the water came in around the window panes and the bottom window sash area. He further stated that the rain water would come over the frame onto the window sill and on down between the walls to the floors below. He explained that the rain water would come in at the metal sash of the window, not where the window met the brick or wood. The plaintiff also introduced testimony that there was no leakage through the bricks.
Considering all the evidence presented by the parties, the trial court concluded:
I .-¡The evidence is abundant and convincing that the defendant Alenco attempted to repair the windows and stop the leaking from 1982 until June 1984. The efforts of Alenco’s repairman, Mr. [Benny] Gulliland, [sic] were unsuccessful.
[[Image here]]
This Court finds the plaintiff has established by a clear preponderance of the evidence that the windows at issue were defectively manufactured by Alenco....
... This Court was impressed with the testimony of the witnesses [Gene W.] Moody and T[h]ierry as well as the plaintiff himself as to their explanations of the manner in which the windows leaked and the cause of the leaking. Even defendant’s witnesses, [Norris G.] McQuen, Gili-land [sic] and [Charles] Still, acknowledged the windows had leaked but could not agree on any cause. Brick leakage was suggested. This Court rejects that suggestion as to causation.
On appeal, Alenco submits the following argument: “There was ample evidence at the trial of this matter that the windows were not installed plumb; that they were not installed level; would not latch properly; and that flashing was not installed to the top of the windows during the installation process.”
Suffice it to say that the evidence to which Alenco refers merely shows that there are two permissible views of causation. When conflicting evidence creates two permissible views and the factfinder’s choice between the views is reasonable in light of the entire record, we may not reverse; the fact-finder’s reasonable choice between the two permissible views is never clearly wrong. *1149 Lirette v. State Farm Ins. Co., 563 So.2d 850 (La.1990).
DAMAGES
Having decided in plaintiffs favor on the issue of causation, the trial court proceeded to consider damages, as follows:
Plaintiff has further proven by a preponderance of the evidence that his building was extensively damaged by the defective-leaking windows and therefore plaintiff is entitled to recover the cost necessary to repair these damages from Alenco.
[[Image here]]
I/The plaintiff introduced considerable evidence of the cost of repairing the damage to his building which resulted from the window leakage. The conclusion of this Court is that the following elements of damage have been proved by a preponderance of the evidence:
1. Cost to remove or replace existing window cost— $19,761.37
2. Reimbursement of original window cost— $ 1,690.00
3. Cost to repair interior water damage— $44,260.00
4. Cost to repair east and west walls due to water damage— $ 1,425.00
6. Damages paid to renter [sic] for their damaged property— $ 238.64
6. Reimbursement for cost to repair window shades— $ 967.36
7. Purchase price of storm [windows].— $ 2,601.24
8. Penalties and finance charges incurred by withdrawing I.R.A.— $ 5,600.00
TOTAL: $76,433.61
1. The $19,761.37 awarded for the cost of replacing the Alenco windows was based on an estimate given by plaintiffs witness, Craig Campbell, a contractor who inspected the building at the request of the plaintiff. The estimate included the removal of brick veneer, removal of windows, reinstallation of new windows, and repair of the brick veneer exterior, plus profit and overhead. Mr. Campbell, who was accepted by the court as an expert in construction, testified that removal of the brick was necessary to remedy all the leaks.
On appeal, Alenco argues that the trial court erred in not accepting the testimony of its witness, Charles Still, who testified that there are several ways to remove the windows -without disturbing the brick exterior of the building.
The trial court’s decision to accept the estimate of Mr. Campbell for this item of damage was based on its judgment of the credibility of the witnesses. Credibility determinations may be clearly wrong only when “documents or objective evidence so Iscontradict the witness’s story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness’s story.” Rosell v. ESCO, 549 So.2d 840, 844-845 (La.1989).
We cannot say that Mr. Still’s contradiction of Mr. Campbell’s testimony concerning the necessity of removal of the brick made Mr. Campbell’s testimony and estimate “implausible.” Accordingly, we find defendant’s challenge to this item of damage to be without merit.
2. The $1,690.00 awarded as a return of the purchase price is not warranted. The plaintiff is not entitled to recover for both the return of the purchase price and for replacement of the defective item. Accordingly, we will amend the judgment to delete this amount.
' 3. The $44,250.00 awarded to repair the interior of the building was based on an estimate made by Mr. Thierry in February of 1984. He testified that it was not based on any specific costs, but was an “on the spot” calculation that included a “projection” for the replacement of some inside walls of the building, in ease that would be necessary. In 1984 he did not know if any inside walls needed replacing.
Mr. Thierry gave another estimate in December of 1989 which totaled $9,135.00. At trial he testified that this estimate was for the outer perimeter sheetrock, labor, and for material, insulation, paint, floors, and cleanup.
Considering that the estimate accepted by the trial court was revised by its author at a later date to eliminate the speculative items for inside walls, we conclude that the trial court erred in basing its award on the earlier estimate. Accordingly, we will amend the *1150 judgment to reflect a reduction of the $44,-250.00 award to $9,135.00.
4. The $1,425.00 awarded for repair of the east and west walls is not supported by the record. Presumably the trial court made this award to compensate the plaintiff for expenses he had [^already incurred, as contrasted with the estimates discussed in item 2. However, we could not locate an item for east-west wall repair in the exhibits that plaintiff introduced in globo. There was a $660.00 item for “painting labor”' by Mr. Grimes himself, and another item totalling $760.00 for labor for cleaning and disinfecting; they total $1,420.00, but there is nothing to connect them to “east-west wall repair.”
Accordingly, we hold that the trial court abused its discretion in making an award of $1,425.00 that is not supported by the record.
5. The $238.64 award for the amount paid ■to renters for damaged property is challenged by Alenco on appeal. However, Alen-eo acknowledged this item of expense when it tendered to Mr. Grimes a check for payment in this amount. It was not an abuse of discretion for the trial court to award this amount.
6. The $967.36 award was for the repair of window shades according to the reasons for judgment. However, the evidence shows that that was the amount needed to replace the window shades; repair was estimated at $136.08. We cannot say that the trial court abused its discretion in awarding an amount sufficient for replacement of the shades. After 10 years of water leakage, it is not unreasonable to conclude that the shades were beyond repair and needed replacing. ' Furthermore, the amount of approximately $25.00 per window to replace the shade is not unreasonable.
7. The $2,601.24 award was identified by the trial court as being for the purchase price of a “storm door.” This was obviously a misnomer. Plaintiff purchased storm windows for $2,601.24 to mitigate his damages from the Alenco windows. He is entitled to an award of this amount for the expense incurred in mitigation of damage.
8. The $5,500.00 award for “penalties and finance charges incurred by withdrawing I.R.A.” is erroneous. Although plaintiff may have incurred a penalty when he cashed in his I.R.A., he is not entitled to recover either the face amount of the I.R.A. 17($5,000.00), or the penalty, or any interest that he had anticipated earning on the investment. Plaintiff did not borrow the money to make repairs to his business; therefore, he cannot include interest as an item of damages. See Firmin, Inc. v. Denham Springs Floor Covering, 595 So.2d 1164 (La.App. 1st Cir.1991). Plaintiffs decision to cash in the I.R.A. was strictly his voluntary choice in managing his business; the loss he incurred from that choice cannot be included in the damages he is entitled to recover from the defendant. See Vallee v. Hyatt Corp., 433 So.2d 1070 (La.App. 4th Cir.1983).
Therefore, we will vacate this portion of the damage award.
Finally, we address Mr. Grimes’s answer to the appeal. The only change in the judgment of the trial court sought by the answer was to the trial court’s denial of attorney’s fees. In his answer Mr. Grimes “prays” for attorney’s fees and interest thereon. However, the only mention of attorney’s fees in plaintiffs brief is in a conclu-sory paragraph when he asks that they be awarded as prayed for in his answer. Plaintiff does not brief the issue of his entitlement to attorney’s fees, nor assign reasons for his assertion in his answer that the trial court erred in its denial of this item. Issues neither assigned as error nor briefed are considered abandoned. Ketcher v. Illinois Central Gulf Railroad Co., 440 So.2d 805 (La.App. 1st Cir.1983), writs denied, 444 So.2d 1220, 1222 (La.1984).
Accordingly, we amend the judgment to reflect an award of $32,703.61 instead of the $76,433.61 awarded by the trial court. In all other respects, we affirm. Costs of the appeal are cast against Mr. Grimes.
AMENDED, AND AS AMENDED, AFFIRMED.

. Mr. Thierry's company, Thierry Construction, Inc., was named as a defendant and a third-party defendant in this suit. A judgment dismissing Thierry Construction, Inc. was rendered and signed in 1993. The judgment was not appealed, and it is now final. Therefore, the claims against Thieny are not before us on appeal.