228 So.2d 757 (1969)
NORWEGIAN GOVERNMENT SEAMEN'S SERVICE and Erik Rudd
v.
Bob HIMBERT, d/b/a Bob Himbert Parking Service.
No. 3718.
Court of Appeal of Louisiana, Fourth Circuit.
December 1, 1969.
Neville G. Orrett, Metairie, for plaintiffs-appellants.
Austin Anderson, New Orleans, for defendant-appellee.
Before REGAN, HALL and BARNETTE, JJ.
REGAN, Judge.
The Norwegian Government Seamen's Service, an agency of the government of Norway, and Erik Rudd, an employee thereof, filed this suit against the defendant, Bob Himbert, endeavoring to recover the sum of $611.73, representing the value of personal property which was missing from their automobile when it was subsequently returned to them after having been stolen from the defendant's parking area in 335 *758 Magazine Street in the City of New Orleans.
The defendant answered and denied liability for any loss incurred by the plaintiffs. In addition thereto, he pointed out that no agreement existed wherein he assumed responsibility for the care of personal property, and that his parking attendant had neither actual nor constructive notice of the presence of the articles in the automobile.
From a judgment of the lower court in favor of the defendant dismissing the plaintiff's suit, they have prosecuted this appeal.
The record discloses that one of the plaintiffs herein, Erik Rudd, parked a Chevrolet station wagon owned by the Norwegian Government Seamen's Service in the defendant's parking facilities. Since the Seamen's Service entered and exited the parking area innumerable times each day, it paid its fee on a monthly basis and was assigned a place along the edge of the area next to the street. On the day that the car was stolen, Rudd parked the car himself, leaving the keys therein. He did not remember whether or not he instructed the attendant to maintain supervision over the articles in the automobile, and the attendant emphatically stated that Rudd did not even visit with him on the day in question, although he, on other occasions, would do so.
In any event, Rudd departed from the automobile and entered the premises of the Seamen's Service; when he returned approximately fifteen minutes later, the automobile had been stolen, and the parking attendant had already notified the police of the theft. It was then that Rudd informed the attendant for the first time that some personal property was contained in the automobile.
The arrangement between the Seamen's Service and the defendant for parking of its vehicles was predicated upon an oral agreement between the defendant's bookkeeper and Niles Borstad, a representative of the Norwegian Seamen's Service.
The defendant explained that there was no agreement to assume responsibility for personal property left in the parked vehicle. However, he did not request the appearance of his bookkeeper as a witness, and the plaintiffs insist that an adverse presumption should be invoked against the defendant by virtue of the nonappearance of this employee. In any event, Borstad admitted under both direct and cross examination that he contracted to park the automobile for the sum of $25.00 per month, and that it was only his own unilateral assumption that the price included supervision of property left in the automobile.
In conformity with the rationale emanating from the jurisprudence of Louisiana, the operator of parking facilities or of a garage has been termed a compensated depositary, whose responsibility is that of an ordinary prudent man using the "same diligence in preserving the deposit that he uses in preserving his own property".[1] The responsibility of the depositary such as the proprietor of parking facilities or of a garage, may be enlarged or contracted for by special agreement.[2]
The question which this case has posed for our consideration is whether the ordinary responsibility of the depositary was enlarged by notice, knowledge, or a special agreement.
We are convinced that the responsibility of the proprietor of the parking area was not enlarged or contracted for by either notice, knowledge or by special agreement since the record is devoid of any evidence which would prove with that legal certainty which the law requires that either the defendant or his parking attendant *759 knew of the existence of the articles or in any way agreed to care for the personal property which was left in the automobile. Rudd could not testify that he notified the attendant of the presence of the articles, and Borstad specifically admitted that care of personal property left in the automobile was not part of the agreement which he entered into orally with the defendant's bookkeeper.
The damage to the stolen automobile was covered by insurance, and the negligence vel non of the defendant's employee in permitting the automobile to be stolen is not an issue in this case. However, assuming arguendo that the employee was negligent, it is of no significance insofar as it relates to the loss of the plaintiff's personal property, since the record is devoid of proof of any notice or knowledge which would constitute a tacit or implied agreement with the depositary to care for the property which was stolen from the plaintiff's automobile during the period of the deposit.
Between the time of the theft of the automobile and its return and repair, the plaintiffs claim that they rented a replacement vehicle. There is some evidence in the record to the effect that the limits of the insurance coverage were such that they were not reimbursed for rental of a motor vehicle in the amount of $274.78. To reiterate, they assert in this suit a claim for the foregoing amount against the defendant as a part of their loss emanating from the theft of the vehicle. Potentially vexatious questions could arise concerning the defendant's liability for rentals under these circumstances. However, the answer to this tedious question need not be determined since the record does not disclose any proof of the plaintiffs' loss. The only proof that such a loss was incurred was the testimony of the insurer who paid its policy limits, to the effect that there was some coverage for automobile rentals on a bill which was presented to it. However, no such bills or other significant evidence was introduced into the record, and we are, therefore, convinced that the plaintiffs did not prove their loss from this source with that certainty which the law requires. Consequently, we cannot permit recovery for the rental of a replacement vehicle.
For the foregoing reasons, the judgment appealed from is affirmed.
The plaintiffs are to pay all costs incurred herein.
Affirmed.
NOTES
[1] Kaiser v. Poche, 194 So. 464 (1940); C.C. Art. 2937.
[2] See Lee v. New Orleans Roosevelt Corp., La.App., 106 So.2d 855 (1958) and Munson v. Blaise, La.App., 12 So.2d 623 (1943).