PAVY, Judge.
Joseph D. Soileau and Leroy Soileau, partners in farming, sue for damages (reduced sale price) to soybeans stored with defendant during the 1973 harvest season. There were originally 3,600 bushels of soybeans stored and some were sold before spoilage. The remainder could not be moved in the ordinary commercial market and had to be disposed of at a reduced price for stock feed. Both parties had sought damages for mental suffering, loss of reputation, etc., but these additional claims have been abandoned.
The trial judge dismissed plaintiffs’ suit and they have appealed, contending that defendant was a compensated depositary, obligated to a high degree of care in preserving the beans and failed to prove the discharge of said duty. Additionally, plaintiffs plead res ipsa loquitur and general negligence. Defendant contends that it was not a depositary but an agent, that, even if a depositary, it was not bound to the full obligation of a depositary because of the understandings and peculiar circumstances of the situation, that, regardless of the extent of its obligation, it did everything reasonably possible to prevent spoilage and that the deterioration was not due to its neglect but to the fact that the beans were abnormally prone to spoilage because of damage, high moisture content and excessive foreign material. Defendant fur *406 ther pleads contributory negligence and assumption of risk in that plaintiffs persisted in keeping their beans in storage after being informed of the likelihood of spoilage.
In his opinion, the trial judge stated:
“The Court can find no negligence on the part of the defendant’s agents and employees in this case. It is apparent to the Court that the beans were in a poor condition when they were stored, and that defendant’s employees did all within their power to preserve the beans, albeit unsuccessfully.
The question of whether the defendant is a depositary or not seems to the Court to be of no significance for the reason that there is no negligence on the part of defendant’s agents or employees. Even if defendants were held to be a depositary, which the Court is not doing specifically, even if it were assumed arguendo that the deposit was made sólely for the advantage of the depositary, which again the Court is not holding, the depositary is only bound to use the same diligence in preserving the deposit that it would use in preserving its own property. Again, in this case, the Court is of the opinion that the defendant did all within its power to preserve the plaintiffs’ beans, and no actionable negligence occurred.”
Appellant complains vigorously of the lower court’s failure to expressly rule on whether defendant was a depositary and burdened with an especially high degree of care.
Civil Code Article 2926 provides:
“A deposit, in general, is an act by which a person receives a property of another, binding himself to preserve it and return it in kind.”
Defendant claims the relationship between the parties was that of mandate because it acted as agent in selling the beans and could not return them in kind. There is no doubt that a sale was originally contemplated, ultimately authorized and consummated but that does not preclude the relationship of depositor and depositary. Both mandate and deposit could exist concurrently or consecutively. Prior to the actual sale, plaintiffs had the right to a return in kind and the deposit existed until the sale. It was in fact a compensated deposit, for defendant received some $1,190.-00 for storage charges and incidental expenses.
Section 3 of Title XIII of the Louisiana Civil Code deals with the obligations of the depositary as follows:
Article 2937 — “The depositary is bound to use the same diligence in preserving the deposit that he uses in preserving his own property.”
Article 2938 — '“The provision in the preceding article is to be rigorously enforced :

2. If it has been agreed that he shall receive a reward for preserving the deposit.”
Article 2945 — “The depositary is only bound to restore the thing in the state in which it is at the moment of restitution. Deteriorations, not effected by any act of his, are to the loss of the depositor.”
Once the existence of a deposit is established, as well as the loss or damage to the property deposited, a presumption arises that the same resulted from the depositary’s lack of due care, negligence or fault, and the burden is then on the depositary to exonerate himself from such negligence or fault. Coe Oil Service, Inc. v. Hair, 283 So.2d 734 (La., Sup.Ct.1973); Insured Loyds v. Liberty Mutual Insurance Company, 295 So.2d 206 (La.App., 3rd Cir. 1974); Miller Car Washes, Inc. v. Crowe, 245 So.2d 485 (La.App., 2d Cir. 1971). The depositary, however, is not an insurer of the deposit. Travelers Insurance Com *407 pany v. Coleman E. Adler, Inc., 285 So.2d 381 (La.App., 4th Cir. 1973) and in the present case, the defendant has met its burden.
 Defendant is a corporation, presumably nonprofit, in which farmers in the area own stock. Plaintiffs purchased some stock so that, as member, they would have storage rights at defendant’s facility. Each harvest season the farmers must harvest their beans before the heavy winter rains set in or they will be lost. The 1973 harvest season was late and unduly wet. The officials of defendant corporation generally declared a policy of not being responsible for spoilage of beans while in storage. Contracts of deposit may be enlarged or changed by special agreement. Norwegian Government Seamen’s Service v. Himbert, 228 So.2d 757 (La.App., 4th Cir. 1969). There were witnesses who testified that they were expressly told that defendant would not be responsible for spoilage. Plaintiffs deny that they were told any such thing. One of defendant’s employees contradicted this. The manager of defendant who had dealt directly with plaintiffs died before trial. His testimony was not available. Plaintiffs did not testify that defendant expressly agreed to be liable for any and all spoilage or that by accepting the beans it was warranting their suitability for storage. It must be remembered that plaintiffs, as members, had a right to storage. We think a realistic result of the law and the peculiar circumstances of the case is that defendant was obligated to use all reasonable means to prevent spoilage, gave no absolute guarantee against spoilage and did not guarantee that any beans accepted were necessarily suitable for storing.
Plaintiffs claim defendant should have dried the beans out and reduced the moisture content to the minimum. Defendant never had facilities to dry beans (as distinguished from rice) by fire. The only service it ever offered its members with regard to beans was to provide proper storage facilities and to preserve them by' aeration and rotation between bins. The evidence is overwhelming to this effect. Plaintiffs’ contention that defendants were obligated to dry the beans by direct heat must fail.
There was much evidence concerning the condition of plaintiffs’ beans when brought to the facility. The stronger trend of the evidence is that the beans were of an unduly high moisture content, were abnormally damaged and contained excessive foreign matter. The trial judge so found. The testimony in the record indicates without question that beans are prone to spoilage to the degree that they have a high moisture content, are damaged or affected with foreign matter.
Other than by the direct heat process, beans are preserved in storage by aeration and rotating them from bin to bin. The evidence shows that plaintiffs’ beans were rotated seven times within the approximate 60-day period involved. Most other beans had to be rotated only two or three times to prevent spoilage. The number of rotations is determined by how often the beans “rise” — apparently from internal heat. Plaintiffs argue that the beans should have been rotated daily or constantly because defendant accepted a fee. We do not think any such extreme duty devolved upon defendant.
Plaintiff claims defendant was negligent in mixing some of plaintiffs’ good loads with his bad loads thus contributing to deterioration of the good beans. There is evidence to the effect that such mixture did take place and that such effect on the good beans would occur. But defendant counters (and there was supporting testimony to such effect) that each member was entitled to only one bin. Plaintiffs did not contradict this testimony. We do not think the trial judge erred in not casting defendant because the beans were mixed.
One of defendant’s representatives testified that plaintiff was informed of the likelihood of spoilage and urged an early *408 sale. Plaintiffs chose to risk spoilage for a higher price later in the season. They must live with their choice.
For the reasons assigned, the decision of the district court is affirmed. All costs of these proceedings are to be paid by plaintiffs-appellants.
Affirmed.