GULOTTA, Judge.
Defendant, the operator of an automobile parking lot, appeals from a judgment for damages sustained when plaintiff’s two automobiles were stolen on two consecutive days from the lot. Arrangements for parking had been on a monthly basis and plaintiff had regularly parked in defendant’s lot for approximately 18 years at the time that the first theft occurred. We reverse.
The undisputed facts are that plaintiff arrived at the parking lot at approximately 9:00 a. m. on each working day and left the keys in the automobile to allow for parking by the attendant, or, if necessary, moving the automobile after once parked. The posted closing time, 6:00 p. m., was known to plaintiff. Also known to him was the fact that at closing time the attendant left the parking lot and the remaining automobiles were unattended. According to the attendant, the keys of the automobiles remaining on the lot at closing time were taken to an attended parking garage operated by defendant. An arrangement was made, however, between the attendant and plaintiff that the keys would be placed by the attendant under the sun visor or on the floor of the automobile when it remained in the lot after closing time. More often than not the keys were placed by the attendant at the designated places in the automobile rather than at defendant’s other supervised and attended parking garage. According to plaintiff, the keys were taken to defendant’s other parking garage on only a “few” occasions.
Most significant is the undisputed testimony of the parking lot attendant that both of plaintiff’s automobiles on the day that each was stolen were on the parking lot when he left at closing time. Plaintiff testified that on the day the first automobile was stolen he had returned to pick up the car between 8:30 and 9:00 p. m. He returned to pick up the other automobile on the second day at 6:30 p. m. Plaintiff testified further that on the two days the automobiles were stolen the keys had been left *1212 in the automobiles for use by the attendant. This testimony was contradicted by the attendant who testified that on those days the keys had not been left in the automobiles. The attendant stated, however, that he was testifying from independent recollection and had made no reports and was not referring to any reports of the theft to refresh his memory. Although no findings of fact were stated by the trial judge, nor reasons assigned, we are led to the conclusion that on the days the theft occurred, the keys were left in the automobiles. Based on this factual finding and the undisputed facts, we conclude that there exists no liability on the part of the parking lot operator for vehicles stolen from the lot after closing time.
The operator of a parking facility or a parking garage is a compensated depositary whose responsibility is to use the same diligence in preserving the deposit that he uses in preserving his own property. LSA-C.C. art. 2937; Norwegian Government Seamen’s Service v. Himbert, 228 So.2d 757 (La.App. 4th Cir. 1969); United States Fidelity & Guaranty Company v. Allright Shreveport, Inc., 256 So.2d 479 (La.App.2d Cir. 1972). Although the depositary is not the insurer of the deposit, his duty is to exercise due care in its preservation. Once the theft, loss or damage to the property deposited has been established, however, a presumption arises that the loss resulted from the depositary’s lack of due care, negligence or fault, and the burden is then placed on the depositary to exonerate himself from negligence. Travelers Insurance Company v. Coleman E. Adler, Inc., 285 So.2d 381 (La.App. 4th Cir. 1973); Coe Oil Service, Inc. v. Hair, 283 So.2d 734 (La.1973); Federal Insurance Company v. C & W Transfer and Storage Company, Inc., 282 So.2d 563 (La.App. 4th Cir. 1973); Soileau v. Ville Platte Rice Drier, Inc., 322 So.2d 404 (La.App. 3d Cir. 1975). Furthermore, it is well-established that a contract of deposit may be changed, enlarged or modified by agreement. Norwegian Government Seamen’s Service v. Himbert, supra; Soileau v. Ville Platte Rice Drier, Inc., supra.
Because, by agreement, a course of conduct had been established for an extended period of time between plaintiff and the parking lot attendant whereby if the automobile were not picked up by closing time the keys (for the customer’s convenience) were placed behind the sun visor or on the floor of the automobile and because the undisputed testimony of the attendant was that the automobiles were on the lot at closing time, we conclude defendant successfully carried the burden of exonerating itself from negligence. See Continental Ins. Co. v. Himbert, 37 So.2d 605 (La.App. Orl.1948). The Himbert court, in a factually similar case, concluded that because the customer had known that the keys would be left in the automobile after the 5:30 p. m. closing time, he had empowered the defendant parking lot operator to make a “constructive delivery” of the automobile. The court, in Himbert, held that defendant’s liability had ceased at the 5:30 p. m. closing time.
In Jacques v. City Parking Service, 97 So.2d 78 (La.App.Orl.1957), relied on by plaintiff, the court allowed recovery to a plaintiff parking customer based on a factual finding that the automobile was stolen before the 6:00 p. m. closing time. The Jacques court, discussing burden of proof, declared the defendant lot owner was required “to prove that it properly performed the obligation which it had assumed until 6:00 P.M., and that the theft had not occurred through defendant’s fault up to the moment the contract of deposit expired [footnotes deleted]”.
Having concluded that the theft occurred after closing time and having considered also the course of conduct established by plaintiff and defendant as set forth herein-above, we reverse the judgment of the trial court. Judgment is now rendered dismissing plaintiff’s consolidated suits at his cost.

REVERSED AND RENDERED.

LEMMON, J., concurs and assigns reasons.