381 So.2d 979 (1980)
SAUNDERS LEASING SYSTEM, INC.
v.
Gail NEIDHARDT, d/b/a Gail's Automotive.
No. 10879.
Court of Appeal of Louisiana, Fourth Circuit.
March 11, 1980.
*980 Edward N. George, III, Joseph W. Rausch, Stassi & Rausch, New Orleans, for Saunders Leasing System, Inc., plaintiff-appellant.
George P. Vedros, Gretna, for Gail Neidhardt, d/b/a Gail's Automotive.
Before GULOTTA, BOUTALL and CHEHARDY, JJ.
BOUTALL, Judge.
Saunders Leasing System, Inc. sued to recover damages for an automobile delivered to defendant Gail Neidhardt, d/b/a Gail's Automotive, for cleaning and which was taken from defendant's premises and found destroyed. The trial court held plaintiff failed to prove its case insofar as the establishment of a relationship which would impose liability on the defendant, and dismissed plaintiff's suit. Plaintiff appeals.
In its efforts to show a paid depositary relationship between the parties, plaintiff produced an employee who testified that another employee brought the vehicle to defendant's premises on a Thursday in order to have cleanup services performed, and when she went to the premises on Friday afternoon to pick up the vehicle, she was told that the vehicle had been stolen. The defendant Neidhardt testified that the vehicle was brought in on a Tuesday, that it could not be worked on Tuesday, but was cleaned Wednesday, that she took the vehicle to her home Wednesday night for safe-keeping, and that the vehicle was returned *981 to the business premises Thursday. She noticed the vehicle was parked there Thursday at noon, but was not there Thursday afternoon at 5:00 o'clock when she left. Although the trial judge made no findings as to credibility of these two witnesses, presumably he must have disbelieved plaintiff's employee to arrive at his finding. However, considering only the testimony of the defendant herself, we conclude there is sufficient evidence to support a finding of a relationship of paid depositary, and that the trial judge erred in his application of the law to these facts.
Neidhardt testified that she was operating a business which consisted of the cleaning of automobiles for various automobile dealers and others. Although she was not present when this vehicle was brought (she was one of three persons authorized to receive vehicles) someone told her that the vehicle was there for an interior cleaning job and she wrote a ticket for this job on it. The work could not be performed Tuesday, and was performed Wednesday. She testified that the vehicle was supposed to be picked up Wednesday afternoon but was not, so she took it to her home and put it under her carport with the windows open so the interior could dry out. It was returned to the business premises on Thursday and parked the second car from the door of the garage. At noon she got in the first car and went to lunch, and noted that when she left at 5:00 o'clock the car was no longer there. She testified that the normal practice is to keep the keys to the vehicles on a peg-board in the shop except when they are actually being moved in the process of being cleaned. The keys for this car were missing from the peg-board, but since she herself had not returned the car to the premises she did not know whether the keys had been left on the peg-board or left in the car.
To these facts, we would apply the following law: Civil Code Article 2926 provides that a deposit is an act by which a person receives the property of another, binding himself to preserve it and return it in kind. The delivery of a car to a repairman constitutes a compensated deposit. Alexander v. Quik Change Car Center, Inc., 352 So.2d 188 (La.1977); Labbe v. Mt. Beacon Insurance Company, 221 So.2d 354 (La.App. 4th Cir. 1969). We perceive no basic difference between the repair of the vehicle or cleaning the interior of the car in accordance with the business of this defendant. Civil Code Article 2937 requires the depositary to use the same diligence in preserving the deposit that he uses in preserving his own property. The depositary, whether gratuitous or compensated, is held to the standard of prudent administrator. This standard is to be applied more rigorously when the depositary is compensated. Guillot v. Kaplan Farmers Co-Op., Inc. 352 So.2d 402 (La.App. 3rd Cir. 1977) and the cases cited therein. The facts in this case show both the fact of the deposit and the expectation of compensation.
Once the existence of a deposit and loss of or damage to the property while deposited is established, a presumption is raised that the loss resulted from the lack of due care on the depositary's part, and the burden is then on the depositary to exonerate himself from fault. Coe Oil Service, Inc. v. Hair, 283 So.2d 734 (La.1973); Grabert v. James C. Noel Flying Service, Inc., 360 So.2d 1363 (La.App. 3rd Cir. 1978). In this case the only circumstances shown by defendant are that the vehicle was parked on her lot near the garage, and that it was removed by unknown parties between the hour of noon and closing time of 5:00 P.M. and that the keys to the vehicle were also missing. We consider the fact of the missing keys to be especially significant in our determination of whether the defendant has met its heavy burden of exonerating itself from fault for the disappearance and subsequent damage of the vehicle, and conclude that the defendant has not absolved herself from fault.
There remains the matter of damages. The evidence shows that the vehicle was found several days later, and was a burned out wreck. Although a repairman who testified admitted that he did not see the car in fact, from the pictures he concluded *982 that the vehicle was a total loss. We agree. The problem is what value should be placed upon the vehicle? The evidence produced as to value is rather indefinite, and we are tempted to some degree to remand this matter for a more definite proof of value, because of the unsatisfactory state of the evidence. However, we are convinced that the vehicle was a total loss, that it was in good condition, and was one year old at the time of the disappearance. It is not shown what amount was paid for the vehicle, but reliance is had upon the average value of used cars as set out in the National Automobile Dealers Used Car Guide (NADA). Plaintiff seeks recovery of the average retail price of $4750 plus $100 for additional vinyl top. However in view of the business of plaintiff, that is car leasing, and purchase of the vehicle from Ford itself, we believe a fairer value to be the average trade-in value or wholesale price indicated, that is $4025 with $75.00 for the additional vinyl top, or a total of $4100. We believe justice will be better served by fixing the amount of $4100, rather than remand.
For the reasons above expressed, the judgment appealed from is reversed and there is now judgment in favor of plaintiff, Saunders Leasing System, Inc., and against defendant, Gail Neidhardt, d/b/a Gail's Automotive in the sum of $4100 with interest from date of judicial demand until paid, and for all costs of these proceedings.
REVERSED AND RENDERED.