MARVIN, Judge.
The defendant-owners of an automobile repair shop appeal a judgment in favor of a plaintiff-customer for damages arising out of the theft of the customer’s automobile from the shop.
The trial court found that defendants were a compensated depositary (or bailee) under CC 2937-2938 and had not diligently preserved or protected the deposited automobile against theft. We affirm.
Defendants contend that under the circumstances of this case, a depositary relationship, if existing at all, was not in effect when the automobile was stolen, that an express disclaimer signed by plaintiff relieved defendants of responsibility, and alternatively, that defendants must be found to have fulfilled their duty of diligence owed to the customer.
Plaintiff delivered his automobile to defendants for repairs on September 26, 1980, and, at defendants’ request, signed a “work order” containing this provision:
“I hereby authorize the repair work to be done along with the necessary materials. You and your employees may operate the above vehicle for the purposes of testing, inspection, or delivery at my risk. An express mechanic’s lien is acknowledged on the above vehicle to secure the amount of repairs thereto. It is also understood that you will not be held responsible for loss or damage to cars or articles left in cars in case of fire, theft or any other cause beyond your control.”
*661 Defendants explained that it was their routine procedure (or customary practice) to protect against theft by placing the keys of customer automobiles in a bottom desk drawer without any identification so that persons visiting the premises would not know what key went to what automobile even if a visitor saw the keys. When the repairs to plaintiff’s automobile were completed on September 30, defendants did not follow this practice, but placed the key on top of the desk with the work order clearly identifying the automobile to which the key belonged. Defendants thought that plaintiff, who had telephoned and requested defendants to hurry the repair, would promptly pick up his automobile.
About 2:30 p. m. on September 30, defendants discovered that an unknown person had taken plaintiff’s key from the desktop and had left in its place a similar key. Defendants notified the police and the plaintiff of this. Defendants said that plaintiff informed them that he would get a spare key and either pick up the car or allow defendants to move the car from the lot into the shop building. Plaintiff said he told defendants that he would “attempt” to do this. Plaintiff was unable to contact his wife who had the extra key. He was at work and could only travel by public transportation after working hours. When plaintiff went by the repair shop on a public bus after 6:00 p. m. he saw no sign of activity and thought that the shop had closed at 6:00 p. m. Defendants, however, were inside the building. Plaintiff had no telephone at his apartment and there was no further communication between defendants and plaintiff.
Before leaving their business premises at approximately 8:00 p. m., defendants unsuccessfully attempted to open plaintiff’s locked car. The police confronted the defendant who was attempting to get into the car. Eventually, defendants succeeded in removing the rotor from the distributor of the automobile in an attempt to “disable” the car and prevent theft. Defendants testified, however, that they suspected that the key was stolen by another customer who had sold defendants a used motor on one or more occasions and who probably had some mechanical knowledge of automobiles. Defendants acknowledged that removal of the rotor from the distributor of an automobile would not stop a thief with mechanical expertise.
After defendants left the shop, plaintiff’s automobile was in fact stolen later that night from an unfenced lot adjacent to the shop. The automobile was recovered about a month later, stripped of its motor and other items. The judgment below awarded plaintiff $877 for his losses and damages.
The owner’s delivery of an automobile to a repairman with the implied or express promise to pay for the repairs to be made constitutes a compensated deposit. Alexander v. Qwik Change Car Center, Inc., 352 So.2d 188 (La.1977). The depositary’s duty of diligently preserving the property is rigorously enforced against a compensated depositary. La. CC 2937, 2938. Coe Oil Service, Inc. v. Hair, 283 So.2d 734 (La.1973). See also Harper v. Brown & Root, Inc., 391 So.2d 1170 (La.1980); La. CC 2926.
The trial court found that the disclaimer on the work order was nothing more than a declaration of the duty legally imposed on a depositary and that plaintiff’s loss was not beyond the control of the depositary. We find no error. Mintz v. Audubon Ins. Co., 140 So.2d 809 (La.App. 4th Cir. 1962). See United States F. & G. Co. v. Dixie Parking Serv., Inc., 262 La. 45, 262 So.2d 365 (1972); Grabert v. James C. Noel Flying Service, Inc., 360 So.2d 1363 (La.App. 3d Cir. 1978). Compare Johnson v. Allright New Orleans, Inc., 357 So.2d 1210 (La.App. 4th Cir. 1978).
Defendants admittedly were well aware that the key was stolen to facilitate the theft of the automobile. See Saunders Leasing System v. Neidhardt, 381 So.2d 979 (La.App. 4th Cir. 1980). Defendants admittedly were aware that the removal of the rotor would not stop a thief from stealing the car, if the thief had any mechanical knowledge of automobiles, as defendants suspected.
*662 The depositary’s duty clearly extends to damage or loss that is reasonably foreseeable. Grabert, supra. There the depositor of an airplane in a hangar left the key in the ignition of the airplane with knowledge that the hangar would be unguarded and accessible to almost anyone. Grabert held that such circumstances did not relieve the depositary of its duty. Once the depositary relationship is shown, it is presumed that the loss resulted from the depositary’s lack of care, and the depositary has the burden of exonerating himself. Harper, supra.
The action against a depositary is in contract. Even should we agree that either or both assumption of the risk and contributory negligence is a defense to the action, we cannot agree that plaintiff’s failure to retrieve the car after he was notified that the key was stolen avails defendants in any respect. See Grabert, supra. The issue is not judged by what plaintiff might have done after being notified that his car was likely to be stolen, but by what the depositary defendants did or failed to do when plaintiff did not remove the car before the workday ended. Plaintiff’s version, which was obviously accepted by the trial court, is summarized in this statement of plaintiff:
“He [defendant] told me that there was a young man in there that was selling him a motor and he suspected that young man of taking the key. He also asked me if I was going to come and pick the car up and I told him that I would try if I get off of work in time, and he said well if you don’t come pick it up I’m going to take the rotary off and that would prevent the car from being stolen.”
Under these circumstances, we find no error. For reasons assigned below and summarized here, and at appellants’ cost, judgment is AFFIRMED.