KLEES, Judge.
Defendant, Jerome Pontiac-GMC Trucks, Inc., appeals the judgment in favor of plaintiff Martin, finding defendant liable for damages in the amount of $25,000. After reviewing the facts and applicable law, we affirm.
On or about July 12, 1988, plaintiff delivered his 1985 Pontiac Trans Am automobile to defendant’s shop in New Orleans East for repairs to the fuel injection system. On the following Monday, defendant notified plaintiff that his vehicle was damaged in an *1235 accident while being “road tested.” Plaintiff was later notified by a representative of defendant that his car had been wrecked by Robert Bell, a mechanic employed by defendant, who had taken the car home for the weekend and wrecked it on Saturday at approximately 10:00 p.m. at the east-bound exit of 1-10 at Loyola Ave. in Kenner. The last exit before Loyola Ave. is in LaPlace. The defendant assured plaintiff that the car would be repaired “as good as new.” Plaintiff viewed the extensive damage to the car and found personal possessions belonging to another contained within. He also noticed that the stereo had been replaced with a different one, the interior was filthy, cigarettes were in the ash tray, and a beer can was on the back floor. Plaintiff also testified that the car had an additional 350 miles on it after the accident.
Defendant provided plaintiff with a rental car while attempting to repair damages to the car. Plaintiff observed the car several times during the course of repairs and was dissatisfied. When notified that repairs were completed, plaintiff inspected the car and found many problems. Plaintiff told defendant that the repairs were unacceptable and defendant told plaintiff that no further repairs would be made. Despite defendant’s numerous requests that plaintiff take the car, plaintiff left the car in defendant’s possession, demanding that his vehicle be repaired to its original condition or that it be replaced.
On April 11, 1989, plaintiff sued defendant and XYZ Insurance Co. for damages. In October of 1990, the case was tried and judgment was rendered for plaintiff in the amount of $25,000, and upon payment, title of the car transferring to the defendant. The trial court severed plaintiff’s action against XYZ Insurance Co., who was never identified. In seeking reversal of the trial court’s judgment, defendant contends that the trial court erred in the following respects. (1) The trial court erred in finding defendant liable to the plaintiff. (2) The trial court erred in awarding special and general damages in the amount of $25,000 and implicitly finding that plaintiff properly mitigated his damages. (3) The trial court erred when it severed plaintiff’s action against XYZ Insurance Co.
In the first assignment of error, defendant claims that plaintiff failed to prove that Bell worked for defendant at the time of the accident and further claims that even if he was an employee, he was not acting in the course and scope of employment. Defendant, therefore, claims that they are not liable under the theory of vicarious liability where an employer is liable for an employee’s misconduct. We disagree. Furthermore, even if the record lacks evidence to prove employer/employee status or that Bell was acting in the course and scope of employment, defendant still breached its duty as a depositary and is therefore liable.
Civil Code Article 2926 defines a deposit as an act by which a person receives the property of another, binding himself to preserve it and return it in kind. The delivery of a car to a repairman constitutes a compensated deposit. Alexander v. Quik Change Car Center, 352 So.2d 188 (La.1977); Collins v. Wright, 412 So.2d 659 (La.App.2d Cir.1982); Coe Oil Service v. Hair, 283 So.2d 734 (La.1973). Thus, defendant was a compensated depositary under Louisiana law.
Civil Code Article 2937 further requires the depositary to use the same diligence in preserving the deposit that he uses in preserving his own property. Once one proves the existence of a deposit and loss or damage to property while deposited, a presumption arises that the loss resulted from the lack of due care on the depositary’s part, and the burden is then on the depositary to exonerate himself from fault. Coe Oil Service v. Hair, supra; Saunders Leasing System v. Neidhardt, 381 So.2d 979 (La.App. 4th Cir.1980).
Plaintiff proved that defendant was a depositary and that his car was damaged while in defendant’s possession and control. The presumption is that the loss resulted from the lack of due care on the depositary’s part, and defendant failed to exonerate himself from fault. Therefore, defendant is liable to plaintiff for damages and *1236 the first assignment of error is without merit.
In the second assignment of error, defendant alleges that the trial court erred in awarding special and general damages in the amount of $25,000, and finding that plaintiff properly mitigated his damages. This court may not disturb an award for damages absent a clear abuse of the trial court’s much discretion. LSA-C.C. art. 1999; Reck v. Stevens, 373 So.2d 498 (La.1979); Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). The trial court awarded $25,000 in general and special damages, plus interest, costs and expert fees, but did not offer a breakdown in judgment amounts. Therefore, we must determine a breakdown to determine whether such awards were reasonable. Two independent appraisers were hired to inspect the damage. They each calculated an amount needed to repair the car’s interi- or and exterior. These estimates did not include costs to repair the engine. One appraiser characterized the repairs as poor, “like a rush job.”
The trial judge concluded that the car was in perfect condition at the time of delivery, and that it was in “very very poor condition due to an intentional policy of a company to allow its employees to remove the car from the premises.” The court also found that the car was vandalized while in defendant’s possession. The car was purchased in June of 1986 for $13,408.04. Plaintiff mortgaged a portion of the purchase price making the total amount of repayment of the debt at $15,371.04. Plaintiff made improvements ■ totalling $2206.86. The trial judge probably considered these figures to determine replacement value as opposed to considering the costs for repairs because of the poor condition of the car as a result of defendant’s negligence. This reasoning is further reflected in the trial judge’s ruling transferring title of the car to the defendant upon payment of the damages award. Although the award by the trial court may seem high, such award does not constitute an abuse of the much discretion afforded to the trial court. Therefore, we may not disturb this award. Accordingly, the award is affirmed.
Defendant’s claim that plaintiff failed to mitigate damages is also without merit. Plaintiff was under no obligation to remove the car from defendant’s shop until it was properly repaired. Defendant was responsible for the car while in their possession, and plaintiff cannot be liable for damages incurred during this time.
Defendant’s third assignment of error is that the trial court erred in severing the action as to XYZ Insurance Co. Defendant’s insurer was never identified, substituted or served during the proceedings. Defendant is not the proper party to raise this issue. We thereby dismiss this assignment of error.
Accordingly, for the reasons stated, the judgment of the district court is affirmed.
AFFIRMED.
CIACCIO, J., dissents.