665 So.2d 712 (1995)
Grandison HARRIS, Sr., et ux, Plaintiffs-Appellees,
v.
HOUSING AUTHORITY OF the CITY OF MANSFIELD, La., et al., Defendants-Appellants.
No. 27771-CA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1995.
*713 F. John Reeks, Jr., Shreveport, for Defendant-Appellant Housing Authority of the City of Mansfield.
Ronald E. Raney, Shreveport, for Defendant-Appellee Joyce Middleton d/b/a Middleton Builders.
Albert M. Hand, Jr., Shreveport, for Defendants-Appellees OSL Corp. FKA Roach Paint Co., Home Indemnity Co. & Home Ins. Co.
Mark A. Watson, Alexandria, for Intervenor, Louisiana Insurance Guaranty Association.
Michael J. Mestayer, New Orleans, for Plaintiffs-Appellees.
Before WILLIAMS, J., and PRICE and CLARK, JJ. Pro Tem.
PRICE, Judge Pro Tem.
Plaintiffs, Grandison Harris, Sr. and Barbara Harris, filed a negligence and strict liability action against various defendants alleged to be responsible for the death of their son, including The Housing Authority of the City of Mansfield, Louisiana ("Housing Authority"), the owner of the complex where the decedent was killed. The Housing Authority filed a third-party demand against Joyce Middleton d/b/a Middleton Builders ("Middleton"), the decedent's statutory employer, and Commercial Union Insurance Company ("Commercial Union"), Middleton's insurer. Middleton and Commercial Union subsequently filed a motion for summary judgment, which the trial court granted. The Housing Authority appeals. For the following reasons, we affirm.

FACTS
The following facts are not in dispute. Middleton, a general contractor, entered into a contract with the Housing Authority, which *714 owns and operates certain housing projects in the City of Mansfield, to perform general building renovation on certain premises. Robert Taylor Remodeling ("Taylor") was Middleton's painting subcontractor on the Housing Authority renovation, and Grandison Harris, Jr., the son of the plaintiffs in this case, was employed by Taylor. Middleton is Harris' statutory employer pursuant to LSA-R.S. 23:1061. On December 26, 1988, as Grandison Harris, Jr. was painting the interior of one of the Housing Authority apartments, a fire and/or explosion occurred, which resulted in his death. This litigation followed.

DISCUSSION
The only issue presented on appeal is whether the Housing Authority's third-party claim against Middleton, the decedent's statutory employer, was properly dismissed by the trial court via summary judgment. Central to this issue is the interpretation of certain contractual provisions found in the contract between the Housing Authority and Middleton.
The general standard to be applied in reviewing the grant or denial of a summary judgment motion is the same as that which the trial court is required to employ initially. On summary judgment, the inferences to be drawn from the underlying facts contained in the summary judgment evidence and materials must be viewed in the light most favorable to the party opposing the motion. Billiot v. B.P. Oil Co., 93-1118 (La. 9/29/94), 645 So.2d 604. Applying these principles, we proceed with our analysis.
The appellant contends that certain language contained in the contract between it and Middleton constitutes a waiver by Middleton of the immunity from tort liability provided by LSA-R.S. 23:1032 to a statutory employer as defined by LSA-R.S. 23:1061. It argues that, if the Housing Authority is found liable to plaintiffs, Middleton should be held responsible to the Housing Authority for all breaches of the obligations assumed by Middleton in its contract with the Housing Authority.
The statutory employer doctrine under workers' compensation law extends tort immunity to a statutory employer against illnesses of and injuries to the employees of its subcontractor. See LSA-R.S. 23:1032; LSA-R.S. 23:1061; and 39 La.B.J. 474. This immunity extends to third-party claims as well as those brought by an employee. Stelly v. Overhead Door Company of Baton Rouge, 94-0569 (La. 12/8/94), 646 So.2d 905. Prior to its amendment in 1989, LSA-R.S. 23:1032 did not preclude an employee (or third-party) from maintaining an unintentional tort action against the employer where the employer had contractually assumed the liability of the third party. The incident in the instant case took place prior to January 1, 1990, the effective date of the non-retroactive amendment; therefore, the pre-amendment version of LSA-R.S. 23:1032 governs this action.
The appellant relies on the following contractual provisions, section 26(a) and 27(a) of the contract at issue, to support its claim that Middleton waived its immunity from tort liability:
The Contractor shall adopt reasonable methods during the life of the Contract to furnish continuous protection to the site and to the work, materials, and equipment thereon to the end that loss or damage may be prevented. It shall be responsible for all damages to persons or property that occur as a result of its fault or negligence in connection with the prosecution of the work and shall be responsible for the proper care and protection of all materials delivered and work performed until completion and final acceptance ...
* * * * * *
In performing this contract, the Contractor shall provide for protecting the lives and health of employees and other persons; preventing damage to property, materials, and supplies and equipment ...
The appellant submits that, in light of this contractual language, the trial court's granting of Middleton's motion for summary judgment was contrary to the holding of Stelly v. Overhead Door Company of Baton Rouge, supra, upon which appellant heavily relies. We disagree.
*715 In Stelly, an employee brought an unintentional tort action against its employer, alleging that the employer had contractually assumed the liability of the owner of the building at which the employee was working when he was injured. The trial court granted the employer's motion for summary judgment and the employee appealed. The court of appeal affirmed the trial court's judgment, and the employee appealed to the Louisiana Supreme Court. The supreme court held that the plaintiff's statutory employer had contractually assumed the liability of an otherwise liable third party for the injuries sustained by the plaintiff when he was in the course and scope of his employment.
Under the terms of the contract at issue in Stelly, the employer had expressly relieved the owner of the premises of any and all liability for injuries or damages to anyone in or on the leased premises and expressly assumed all such liability, agreeing to indemnify the owner of the premises and hold it harmless for any damages or injuries to "any person or persons whomever." The supreme court concluded that this contractual language constituted a waiver of the employer's statutory immunity from tort suits such as the one filed by the employee.
We conclude that the case at bar is factually distinguishable from Stelly. Here, there is neither an express waiver of immunity nor an express assumption of liability to any and all persons. The language used in the contractual provisions relied upon by appellant merely states that Middleton would be responsible for its own fault or negligence, which is nothing more than a declaration of a legally imposed duty, and the word "indemnity" is never used in the pertinent provisions. See LSA-C.C. art. 2315; Collins v. Wright, 412 So.2d 659 (La.App.2d Cir.1982). There is no language clearly expressing any intent on Middleton's part to assume the liability of the Housing Authority, and the word "indemnify" is never used in the provisions relied upon by appellant. Furthermore, the public policy considerations that had to be taken into account in Stelly are not present in the instant case. The opposite result in Stelly would have denied the employee in that case full recovery for his injuries. This is not a concern in the present case.
When the words of a contract are clear and explicit, no further interpretation may be made in search of the parties' intent. In this case, any doubt as to the meaning of the relevant contractual provisions must be eliminated by interpreting the contract against the party who furnished its text. LSA-C.C. art. 2056. Middleton did not draft the contract at issue. According to Middleton, the contract was apparently generated by the Department of Housing and Urban Development of the United States ("HUD"), and the Housing Authority was a representative of HUD for the purpose of the project in question. Therefore, the contractual provisions in question should be construed against the Housing Authority.
We find that the appellant's reliance upon Stelly is misplaced and conclude that the trial court did not err in granting Middleton's motion for summary judgment as no genuine issue of material fact exists. Accordingly, the judgment of the trial court is affirmed. All costs are assessed to appellants.
AFFIRMED.