No. 1850.—M. BEYRIS, Widow and Administratrix, *v.* J. G. SPOR.

*The question of the identity of a party who sues in a representative capacity, must be pleaded specially in limine litis, and before issue is joined.*

*In case of a deposit of a particular thing, such as gold coin, the depositary may be condemned in the alternative to return the thing deposited, or pay its value in money.*

APPEAL from the Third District Court of New Orleans. *Emerson, J. Saucier & Michinard,* for plaintiff and appellee. *Cooley & Phillips,* for defendant and appellant.

HOWELL, J. The plaintiff, as administratrix of the succession of Franc Sartini, deceased, sued the defendant for $835, *gold,* deposited as per receipt given by the deceased. The answer is, first, a general denial, a special denial of plaintiff's capacity and appointment, and an allegation that said gold was left with defendant, by Sartini, to be sold, and the proceeds to be placed to the credit of the latter, which was done, and that a balance of $547 57 is still due defendant on account, by the succession, which he pleads in reconvention. Judgment was given in favor of plaintiff for the amount of the gold, or in the alternative for $1169, as its equivalent.

No evidence was adduced to sustain the special defense, but the defendant contends that the plaintiff has failed to prove her capacity; that the letters of administration, introduced in evidence, were issued to *W. M. Sartini,* while plaintiff describes herself as "Mina Beyris, widow in community of her late husband, and administratrix of his succession," and there is no proof of identity.

There is carelessness in the pleadings on both sides, and in the presentation of proof; but we are inclined, under the circumstances of this case, to sustain the action of the judge *a quo*, who, we presume, was satisfied that the letters of administration were issued to the person who presented them, as her authority to stand in judgment in behalf of the succession, rather than conclude that she practiced a deception and fraud in suing in a capacity possessed by, and using letters issued to, another. The judge was satisfied that the plaintiff legally represented the succession, which was the question really raised. But, as urged by her counsel, this question, to avail defendant, should have been pleaded *in limine litis*, and not after issue was joined by a general denial. See 21 A. 188.

The defendant further contends that there is error in condemning him to pay the amount of gold claimed, or its equivalent in currency. He is sued as the depositary of a certain sum in gold, and Art. 2915 C. C. says, he " ought to restore the precise object which he received. Thus, a deposit of coined money must be restored in the same specie in which it was made, whether it has sustained an increase or diminution of value." The relations of depositor and depositary, and not those of creditor and debtor, exist. The evidence sustains the value fixed by the District Judge, which is to be paid in default of paying the gold.

We find in the record no good ground for remanding the cause to give the defendant an opportunity to make out his defense.

Judgment affirmed

Rehearing refused.