No. 2545

Second Circuit

---

POPE HARTWELL HOLMES v. LONGSTREET STATE BANK

---

(May 22, 1928.   Opinion and Decree.)

---

(Syllabus by the Court)

1.   Louisiana Digest—Deposit—Par. 7, 8; Banks and Banking—Par. 46.

A bank receiving bonds of the United States on deposit for safe keeping without remuneration will be required to return them or their value to the owner in the absence of legal excuse for failure to return them other than that it has lost or mislaid the bonds.

Duvis vs. Ciaccio, 12 Orl. App. 341.
Boyd vs. Estis, 11 La. Ann. 704.
Dun vs. Branner, 13 La. Ann. 452.

Appeal from the Eleventh Judicial District Court, Parish of DeSoto.   Hon. Hal Burgess, Judge.

Action by Pope Hartwell Holmes against Longstreet State Bank.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Lee and Williams, of Mansfield, attorneys for plaintiff, appellee.

Parson and Colvin, of Mansfield, attorneys for defendant, appellant.

REYNOLDS, J. Plaintiff sues defendant for $165.00 as the value of two United States bonds, one for $50.00 and the other for $100.00, with interest coupons attached for $15.00, with legal interest from judicial demand. He alleges that he deposited the bonds with defendant for safe keeping and that defendant had refused to return them notwithstanding demand.

Defendant prayed oyer of the receipt alleged to have been given by it to plaintiff and filed an exception of no cause of action. Both motions were disposed of by the court.

Defendant then filed an answer denying liability and alleged that it was not liable for the reason that it was a gratuitous depository of the bonds under a receipt reading as follows: "These bonds left for safe keeping in vault only at owner's risk."

On these issues the case was tried and there was judgment in favor of plaintiff as prayed for. Defendant moved for a new trial and the motion was overruled. Defendant appealed.

## OPINION.

The prayer for oyer was properly disposed of by the trial court and the receipt oyer of which was asked is in the record.

The exception of no cause of action was properly overruled. Plaintiff alleged that defendant had received the bonds on deposit for safe keeping and failed to return them to him on demand. Plaintiff was entitled to the bonds or their value in the absence of a legal excuse for not returning them.

Short vs. Lapeyrouse, 24 La. Ann. 45.

The motion for new trial was properly overruled. The alleged newly discovered evidence was merely cumulative of that introduced in paragraph 11 of defendant's answer—

"That about the same time respondent received under the same conditions, a number of Liberty Bonds from Ewell Holmes, the father of the plaintiff, and from Miss —— Holmes, a sister of the plaintiff, and that your respondent believes, and so believing, avers that when it returned said bonds to the said Ewell Holmes and said Miss Holmes, that through error and inadvertence your respondent's cashier, D. B. Pullen, at the same time delivered the bonds of the plaintiff to the said sister or father of the plaintiff, who received the same for and with the consent of the plaintiff."

## ON THE MERITS.

It is not disputed that defendant received from plaintiff on deposit to be returned on demand two United States Government bonds of the denomination of $50.00 and $100.00, respectively, with interest coupons attached to the amount of $15.00, and that defendant failed to return the bonds to plaintiff on demand.

Under the law the defendant was under obligation to restore the bonds to plaintiff or pay him their value or give a legal excuse for its failure to return them.

The only excuse offered by defendant for its failure to return the bonds is that it

has lost or mislaid them.   This is not a legal excuse.

The judgment appealed from is correct and is affirmed.