GUIDRY, Judge.
In this suit, which was before us previously (383 So.2d 1079-La.App. 3rd Cir. 1980), plaintiff sought recovery against his employer, Brown & Root, Inc., for the value of certain tools owned by him which mysteriously disappeared from a job site on which he was working. The trial court dismissed plaintiff’s demands against Brown & Root. We affirmed this finding, stating in pertinent part:
“Considering the facts and circumstances of this case in light of these settled principles we determine that the trial court correctly concluded that no deposit relationship existed between plaintiff and Brown & Root....”
*95 The Louisiana Supreme Court granted a writ of certiorari to review this finding and ultimately reversed concluding that a depositor-depositary relationship existed between plaintiff and Brown & Root and since the defendant “did not meet its burden of proving the loss did not result from its fault, . . plaintiff is entitled to recover his damages resulting from the loss”. (391 So.2d 1170, (La.1980). This matter is now before us on remand to fix the amount of damages to which the plaintiff is entitled.
Under our law the depositary is bound to restore the precise object which he received however, if unable to return the precise object received he is responsible to the depositor for its value. LSA-C.C. Article 2944; Beyris v. Spor, 22 La.Ann. 16 (La.1870); Holmes v. Longstreet State Bank, 8 La.App. 514 (1928).
A complete list of the tools deposited by plaintiff with Brown & Root and the value of each item shown thereon appears in the record as Plaintiff’s Exhibit I. The accuracy of this listing of tools is not assailed in the record. The tools itemized bear either the brand name “Proto” or the brand name “Craftsman”. Plaintiff’s experts, Wentz Brister, a Proto dealer, and Kenneth Rutledge, Manager of Sears hardware department, testified that the prices shown on Exhibit I represent the retail sales price of a new tool of like description as of August, 1978. Mr. Brister testified that although the prices for “Proto” tools were as shown Proto dealers would allow their customers a 25% discount. These experts testified further that “Proto” and “Craftsman” tools, with the exception of a few items, bear a lifetime guarantee and are replaced without charge to the customer if damaged or broken. This lifetime guarantee runs in favor of any possessor of such tools whether he be the original purchaser or not. According to these experts certain items appearing on such list having a total retail sales value of $642.86 would not enjoy the lifetime guarantee.
In our view the tools itemized on the aforesaid list which enjoyed a lifetime guarantee should be valued at the retail sales price of such items as of August, 1978. As to the other items, there is no evidence in the record concerning value except the retail sales value as of August 1978. Plaintiff offered no evidence as to the age of such items or their condition at time of loss. By the same token defendant, although insisting that such items were subject to depreciation, offered no evidence in support of such contention. Under the circumstances we consider that allowing plaintiff the retail sales value of these items less a 30% depreciation factor will do substantial justice to both parties. Accordingly, we calculate the amount due plaintiff as follows:
(a) Value of Proto tools as per Exhibit I less 25% .$1689.70
(b) Value of Craftsman tools as per Exhibit I .$ 538.93
(c) Value of tools without lifetime guarantee less 30% depreciation.$ 450.00
TOTAL.$2678.63
For the above and foregoing reasons, it is now ordered that there be judgment in favor of plaintiff, Jimmy Harper, and against defendant, Brown & Root, Inc., in the full sum of $2678.63, together with legal interest thereon from date of judicial demand until paid.
All trial and appellate costs are assessed to defendant, Brown & Root, Inc.
REVERSED AND RENDERED.