I .STEWART, Judge.
Barbara M. Sugar loaned her gold necklace valued at $22,000.00 to the defendant, Tommie A. Cotton. Mrs. Cotton later lost the necklace while moving into her new home. Northern Assurance Company of America, plaintiffs insurer, filed a voluntary deposit action against the defendant pursuant to Article 2926-2956 of the Louisiana Civil Code. The trial court held that the defendant acted as a prudent depositary and dismissed the insurer’s cause of action. The plaintiff-insurer subsequently lodged this appeal. We affirm.
FACTS
In December of 1988, Tommie A. Cotton borrowed a gold necklace from the owner, Barbara M. Sugar, valued at $22,000.00. Mrs. Cotton asked to borrow the necklace to wear to a Christmas party. In March of 1989, Mrs. Cotton attempted to return the necklace, but Mrs. Sugar told her to keep it indefinitely inasmuch as Mrs. Sugar never wore it.
The trial record reveals that the Cottons bought a new home in Betty Virginia Circle in Shreveport and began moving in on March 23, 1989. While moving, Mrs. Cotton removed the necklace and placed it in her purse, along with $2,000.00 in cash and credit cards. She then placed her purse in a cabinet in her kitchen. Mrs. Cotton remained in her home all day, while moving company employees and friends assisted her and her husband in moving into the house. On the night of March 24, 1989, Mrs. Cotton discovered that the necklace was missing, and despite efforts to locate it, the necklace was never found. The trial court in its written ruling held that Mrs. Cotton acted as a prudent depositary pursuant to La.Civ.Code art. 2937 and dismissed the insurer’s claims against the defendant. Northern Assurance Company of America, Mrs. Sugar’s insurer, subsequently lodged this appeal.
IgDISCUSSION
In its only assignment of error, the insurer contends that the trial court erred when it ruled that the defendant, Tommie A. Cotton, acted as a prudent depositary. To bolster its claim, plaintiff argues that the depositary is to use the same diligence in preserving the deposit that he or she uses in preserving their own property. Plaintiff contends that Mrs. Cotton acted imprudently because she wore the necklace while moving and because she failed to place the necklace in the safe with her own jewelry at her previous residence.
*248 A deposit is an act by which a person receives the movable property of another and binds himself, expressly or tacitly, to preserve the property and return it in kind. La.Civ.Code arts. 2926 and 2928; Harper v. Brown & Root, Inc., 391 So.2d 1170 (La.1980), on remand 398 So.2d 94 (La.App.3d Cir.1981). The principle requisites are mutual consent of the parties and delivery of the property. La.Civ.Code art. 2932; Harper v. Brown & Root, Inc., supra.
The depositary is bound to use the same diligence in preserving the deposit that he would use in preserving his own property. La.Civ.Code art. 2937. Once the owner of the property proves the existence of the contract of deposit and the loss of deposited articles, there is a presumption that the depositary has not fulfilled his obligation to act as a prudent administrator and the loss resulted from the depositary’s lack of care. Harper v. Brown & Root, supra; Mercer v. Columbia Equipment Co., Inc., 409 So.2d 1285 (La.App.2d Cir.1982), writ denied 413 So.2d 507 (La.1982). The depositary then has the burden of exonerating himself from fault. Harper v. Brown & Root, supra.
In written reasons for judgment, the trial court correctly found that there was an agreement between Mrs. Cotton and Mrs. Sugar that the necklace would be left 13in the possession of Mrs. Cotton. The trial court also correctly determined that the defendant was a depositary and bound to preserve the necklace as she would her own property. Because the defendant failed to return the necklace, the presumption arose that the necklace was lost through the fault of the defendant. However, there is ample evidence in the record to indicate that Mrs. Cotton exonerated herself from fault.
At trial, Mrs. Cotton testified that she removed the necklace and placed it in her purse, along with $2,000.00 in cash and her credit cards. She then placed the purse in a kitchen cabinet because “no one went in and out of the kitchen hardly.” (R-351). Mrs. Cotton remained in the house for the entire day arranging her home and organizing the move with friends, whom she had known for a number of years. Clearly, Mrs. Cotton exercised the same diligence in preserving the necklace that she did in preserving her own valuables located inside of her purse.
A court of appeal may not set aside a trial court’s findings of fact unless it is clearly wrong or manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), on remand 370 So.2d 1262, writ denied 374 So.2d 660 (La.1979). Therefore, we must affirm the trial court’s determination that the defendant acted as a prudent depositary and that the necklace was lost through no fault of the defendant.
DECREE
For the foregoing reasons, we affirm the decision of the trial court at appellant’s cost.
AFFIRMED.