722 So.2d 1138 (1998)
Peter L. CHO
v.
ROYAL OLDSMOBILE CO., INC.
No. 98-CA-527
Court of Appeal of Louisiana, Fifth Circuit.
November 25, 1998.
*1139 A. Bowdre Banks, Jr., New Orleans, for Plain tiff-Appellee.
W. Chad Stelly, Scott W. McQuaig, Metairie, for Defendant-Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., SOL GOTHARD and MARION F. EDWARDS.
DUFRESNE, Judge.
In June of 1996, the plaintiff, Peter Cho, brought his vehicle, a 1994 Mazda Navajo, to Royal Oldsmobile in Jefferson Parish for repairs. While undergoing repairs in the service area, plaintiff's vehicle, which contained large pieces of musical equipment as well as other miscellaneous items, was stolen by an unknown third party. The plaintiff's vehicle was later recovered; however, the musical equipment and other items were not. In connection with his loss, plaintiff filed suit against Royal Oldsmobile, seeking to recover damages for lost property, including an electronic keyboard, speakers, amplifiers, and associated hardware, as well as compact discs, *1140 a cellular phone, a radar detector, weight lifting equipment, and a compact disc player. The plaintiff also sought to recover the expenses associated with the rental of the replacement musical equipment, as well as damages for mental anguish, inconvenience and worry. The matter proceeded to a judge trial on January 21,1998, at the conclusion of which judgment was rendered in favor of plaintiff. The judge specifically found that the defendant, Royal Oldsmobile, was a depositary under LSA-C.C. art. 2937, that plaintiff's property was lost while it was deposited with defendant, that defendant did not exercise due care in preserving the property, and that the disclaimer contained in the work repair order was ineffective to limit the liability for the loss that occurred. The judge thereafter awarded plaintiff damages in the amount of $13,398.50 for the value of plaintiff's lost property, his rental expense, and the mental anguish and inconvenience that he suffered. It is from this judgment that Royal Oldsmobile now appeals.
In the first assigned error, defendant claims that the trial court committed manifest error when it found Royal Oldsmobile solely at fault for the theft of plaintiff's property from its premises by a third person, where the dealership took reasonable measures to protect the vehicle, and the plaintiff failed to remove items of personal property from the vehicle after executing a disclaimer/waiver agreement.
An automobile repairer is a compensated depositary. Kirshner v. Johnson, 521 So.2d 697 (La.App. 1 Cir.1988). According to LSA-C.C. art. 2937, "the depositary is bound to use the same diligence in preserving the deposit that he uses in preserving his own property." However, the depositary must act only as a prudent administrator. A depositary is not an insurer of the deposit and is not required to guard against every conceivable unlawful act that may be committed against the deposit. Kirshner v. Johnson, supra. A depositary's responsibility may include personal items left in the vehicle, either in the depositary expressly or impliedly consents to accept the responsibility. Consent may be implied from actual or constructive knowledge of the presence of such items in the vehicle. Willis v. Louisiana Downs, Inc., 499 So.2d 155 (La.App. 2 Cir. 1986). The responsibility of a depositary is to be rigorously enforced when he is compensated. LSA-C.C. art. 2938.
In a suit against a depositary, the depositor initially has the burden of proving the existence of the contract of deposit and that the thing deposited was not returned or was damaged. Kirshner v. Johnson, supra. Once the owner satisfies this burden, there is a presumption that the depositary has not fulfilled his obligation as a prudent administrator and the loss resulted from the depositary's lack of care. The depositary then has the burden of exonerating himself from fault. Northern Assur. Co. of America v. Cotton, 27,100 (La.App. 2 Cir. 6/21/95), 658 So.2d 246; Alpha Alpha, Inc. v. Southland Aviation, 96-928 (La.App. 3 Cir. 7/9/97), 697 So.2d 1364.
At trial, Peter Cho testified that at about 7:30 a.m. on June 28, 1996, he left his 1994 Mazda Navajo at Royal Oldsmobile for repairs and was notified later that afternoon that his car had been stolen. During his testimony, he admitted that he left his professional musical equipment as well as some miscellaneous items inside the vehicle. He claimed that the equipment was in the cargo space and was clearly visible from the side window. In the course of his testimony, he admitted signing a document,[1] but claimed that the service advisor did not tell him that Royal Oldsmobile would not be responsible for any articles left in the vehicle, nor did the service advisor tell him not to leave his vehicle if he had items in it. He testified that if Royal Oldsmobile had advised him that they would not be responsible for those items, he would not have left his vehicle but would have returned home and rescheduled the appointment.
*1141 Mr. Don Schmitz, a service technician at Royal Oldsmobile assigned to work on plaintiff's Navajo, also testified at trial. Mr. Schmitz testified that as he was getting ready to test drive the vehicle to check on a knocking noise, he was called to the service aisle by the service manager. Mr. Schmitz left the vehicle with the keys in the ignition in the third stall from the North Hullen side of the building. When he came back approximately three to five minutes later, he discovered that the car was gone. Regarding the property inside the vehicle, Mr. Schmitz testified that he noticed some boxes in the back, but was not aware of the contents. During his testimony, Mr. Schmitz also testified about the layout of the service department. According to Mr. Schmitz, the main entrance is on Veterans Boulevard, but there are also entrances and exits on the North Hullen and Severn sides of the buildings, with the North Hullen exit apparently leading right into the street. He also testified that a guard is generally by the Severn side for the back lot, but there is no guard at the North Hullen side. Mr. Schmitz testified that there are about twenty employees in the service department, and that the service technicians wear uniforms. With respect to unauthorized persons in the service area, it is their policy to ask them to leave. According to Mr. Schmitz, plaintiff's vehicle was treated no differently than any other vehicle in the dealership would have been treated.
In addition to the above testimony, Ms. Norma DeCorte, an executive secretary at Royal Oldsmobile, testified regarding her investigation of this incident. During the course of her testimony, it was discovered that approximately nine months prior to Mr. Cho's loss, another car was stolen from the service area through the North Hullen exit. Ms. DeCorte testified that following that first theft, a chain had been installed by the "door area," but that "as the mechanics use it to go in and out, they take the chain off."
In the present case, it is uncontested that Mr. Cho deposited his vehicle with the Royal Oldsmobile dealership and that the automobile, along with its contents, were not returned to Mr. Cho because they were stolen by an unknown third party. Based on the evidence reviewed, we believe, as apparently did the trial judge, that since the location of the items in the vehicle were in plain view, the contract of deposit also extended to the items stolen. As Mr. Cho met this initial burden of proving the existence of the contract of deposit and that the thing deposited was not returned, Royal Oldsmobile then had the burden of proving that it was not at fault, that is, that the dealership acted as a prudent administrator by preserving the deposit with the same diligence used in preserving its own property. We find that Royal Oldsmobile did not meet this burden of proof. The service technician, who apparently knew that the musical instruments were inside the vehicle,[2] left the vehicle unattended with the keys in the ignition in an area that was easily accessible to the public and that had a means of egress directly into the street. Moreover, the evidence at trial showed that a similar incident happened some nine months previously from the same area of the service department.
It is well settled that a court of appeal may not set aside a trial court's findings of fact unless it is clearly wrong or manifestly erroneous. Rosell v. ESCO, 549 So.2d 840 (La.1989). Based on the foregoing discussion and our review of the record, we find that the trial court's factual findings, which basically held Royal Oldsmobile solely at fault for Mr. Cho's losses, were not clearly wrong or manifestly erroneous.
We are aware of the fact that plaintiff signed a disclaimer on the bottom of the work repair order agreeing that Royal Oldsmobile would not be liable for loss or damage to vehicle or articles left in vehicle in case of fire, theft or any other cause beyond their control. In addressing this disclaimer, the trial judge stated as follows:
... when I read the disclaimer it says that they disclaim, that they are not responsible for anything that is not under their control. *1142 Well I find that the safety of this vehicle was under the control of Royal Olds and they violated that duty by leaving the keys in the vehicle, unattended in an area that was easily accessible by the public or an employee, who could easily get in the vehicle and get out of the building quick....
We agree with this reasoning and the trial court's determination that the disclaimer was ineffective to limit the liability of Royal Oldsmobile for the losses suffered by plaintiff. Based on the foregoing discussion, we find that the issues raised by defendant in this assigned error lack merit.
In the second assigned error, Royal Oldsmobile complains that the trial court erred in allowing plaintiff to give self serving opinion testimony regarding the value of the objects where he had no specialized knowledge and his opinions were not helpful to a clear understanding of his testimony. During Mr. Cho's testimony, defense counsel objected when questions arose as to the value of the items. The trial judge overruled the objection based on LSA-C.E. art. 701, and allowed Mr. Cho to testify as to what he paid for the equipment or what it sells for on the market, given the fact that Mr. Cho has been in the music business his whole life. We find no error in the trial court's ruling on this issue.
Generally, a witness not testifying as an expert may not give testimony in the form of opinions or inferences. This rule is subject to the limited exception of Louisiana Code of Evidence article 701 which provides that a lay witness may provide testimony in the form of opinions or inferences where those opinions or inferences are: (1) rationally based on the perception of the witness, and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue. Louisiana Land and Exploration Co. v. Verdin, 95 2579 (La.App. 1 Cir. 9/27/96), 681 So.2d 63, writ denied, 96-2629 (La.12/13/96), 692 So.2d 1067, cert. denied, ___ U.S. ___, 117 S.Ct. 1696, 137 L.Ed.2d 822 (1997). The trial court is vested with much discretion in determining first, which opinion testimony shall be received into evidence and second whether it will be received as "lay" or "expert" testimony. Griffin v. Tenneco Oil Co., 625 So.2d 1090 (La.App. 4 Cir.1993), writ denied, 93-2710 (La.1/7/94), 631 So.2d 449.
In the present case, Mr. Cho was well qualified to give his opinion regarding the value of the musical equipment. Mr. Cho has a bachelor's and master's degree in music, is a music instructor at Delgado Community College and Loyola University, and is also a professional musician, having performed in the New Orleans area for approximately ten years. He testified that as a professional musician, he keeps abreast of the latest trends in the market as well as the value of the musical equipment by reviewing different journals, visiting places where such equipment is sold and observing the equipment used out on the circuit. After establishing his familiarity with the music business, the plaintiff testified regarding what he paid for the musical equipment, when he bought it, and what he thought the fair market value would be having talked to people in the industry.[3] Regarding the non-musical equipment, the plaintiff testified as to the purchase price paid for the equipment.
Arguably, the original sales receipts would have been the best evidence of the value of the personal articles. Vallee v. Hyatt Corp., 433 So.2d 1070 (La.App. 4 Cir. 1983). However, where no contradictory evidence is presented the plaintiff's testimony as to the value and description of the property, including the place of purchase and the price, may satisfy the burden of proof of the plaintiff, provided such testimony contains a minimal degree of detail or specificity as to value to support an award of monetary damages. Unique Const. Co., Inc. v. S.S. Mini Storage, Inc., 570 So.2d 161 (La.App. 5 Cir. 1990). The trial court is given a great deal of discretion in determining the trustworthiness of a witness's testimony. Vallee v. Hyatt Corp., supra.
*1143 In the present case, the record shows that the trial judge was very careful in evaluating the trustworthiness of plaintiff's testimony regarding the value of the lost property and in thereafter assessing damages. He did not accept all of plaintiff's opinions regarding the value of the property, and in fact, reduced some of plaintiff's estimates and did not allow recovery for two of the lost items where he found sufficient evidence had not been presented regarding the value. Moreover, no contradictory evidence was presented regarding the value of the items. Based on the foregoing discussion, we reject the arguments raised by defendant in this specification of error and agree with the trial court's ruling that Mr. Cho's testimony regarding value was admissible in accordance with LSA-C.E. art. 701. We thus find that the trial judge did not abuse his discretion in allowing recovery for the stolen items based on Mr. Cho's testimony.
In the third and final specification of error, Royal Oldsmobile complains that the trial court erred when it awarded the plaintiff damages for mental anguish in connection with the claim for loss of personal property.
LSA-C.C. art.1998 provides as follows:
Damages for nonpecuniary loss may be recovered when the contract, because of its nature, is intended to gratify a nonpecuniary interest and, because of the circumstances surrounding the formation or the nonperformance of the contract, the obligor knew, or should have known, that his failure to perform would cause that kind of loss.
Regardless of the nature of the contract, these damages may be recovered also when the obligor intended, through his failure, to aggrieve the feelings of the obligee.
In this case, the nature of the contract of deposit does not make it evident, nor do the facts and circumstances surrounding the formation of the contract demonstrate that plaintiff entered the contract for a significant nonpecuniary purpose. We conclude from the record before us that plaintiff did not make the requisite showing of having entered into the contract with Royal Oldsmobile to gratify a significant nonpecuniary interest as is required for the recovery of mental anguish damages under LSA-C.C. art.1998. See Young v. Ford Motor Co., Inc., 595 So.2d 1123 (La.1992). Accordingly, we vacate that portion of the judgment which awards Mr. Cho the sum of $1,500.00 for mental anguish. In all other respects, the judgment of the trial court is affirmed.
VACATED IN PART, AFFIRMED IN PART.
NOTES
[1] When Mr. Cho left his vehicle, he signed a Disclaimer and Waiver of Warranties contained at the bottom of the work repair order. It states, in pertinent part, as follows: "I ... agree that you are not responsible for loss or damage to vehicle or articles left in vehicle in case of fire, theft or any other cause beyond your control...."
[2] Although Mr. Schmitz testified at trial that he did not know the contents of the boxes inside the vehicle, the plaintiff introduced interrogatories into evidence that indicated that Mr. Schmitz did, in fact, know that musical instruments were inside the vehicle.
[3] Mr. Cho did have an expert testify concerning the value of an electronic keyboard. Other than that, the only testimony regarding the value of the items came from plaintiff.