764 So.2d 1182 (2000)
Cloteal MERRELLS and Jenkins Merrells, Plaintiffs-Appellants.
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Elaine Williams, Defendants-Appellees.
No. 33,404-CA.
Court of Appeal of Louisiana, Second Circuit.
June 21, 2000.
*1183 William E. Armstrong, Monroe, Counsel for Appellants.
Davenport, Files & Kelly, L.L.P. by M. Shane Craighead, Monroe, Counsel for Appellees.
Before CARAWAY, KOSTELKA and CRIGLER (Pro Tempore), JJ.
KOSTELKA, J.
Cloteal and Jenkins Merrells ("plaintiffs") appeal the trial court's denial of their personal injury claims. We affirm.

FACTS
On September 28, 1998, Cloteal Merrells ("Merrells") was westbound on Harvey Street in Winnsboro, Louisiana, when she stopped at a four-way stop sign at the Bosworth Street intersection. Merrells was driving a 1989 Chevrolet Beretta. At the stop sign, Elaine Williams ("Williams"), who was driving a 1984 Oldsmobile 88, rear-ended Merrells' car. Merrells claimed that Williams did not come to a stop prior to striking her vehicle, but Williams claimed that after she stopped her car, her foot slipped off the brake pedal causing her car to roll forward into Merrells' vehicle. Merrells immediately exited her vehicle and approached Williams complaining of back pain and inquiring whether Williams was insured. Later that day, Merrells sought emergency room medical treatment complaining of low back and neck pain. Thereafter, Dr. J.D. Patterson ("Patterson") treated her complaints from October 7, 1998 to January 8, 1999.
As a result of the accident, plaintiffs instituted suit against State Farm Mutual Automobile Insurance Co. ("State Farm") and Williams alleging negligence and praying for damages. After the defendants stipulated that Williams was at fault in causing the accident, the only issue remaining for trial was causation and extent of injuries and damages. After a bench trial, the court denied plaintiffs' claims because they had "[F]ailed to show a causal connection between the negligence of the defendant and the injuries that Merrells now complains of." This appeal ensued.

DISCUSSION

Property Damage Estimator's Testimony
Plaintiffs argue that the trial court erred in allowing testimony from State Farm's property damage estimator, Dewayne Chapman ("Chapman"), regarding the force of impact of the collision and the damage to the bumper of Merrells' vehicle because he was not qualified as an expert witness in these matters. Specifically, plaintiffs argue that Chapman's testimony relating to these facts could not have been rationally based upon his perceptions. Moreover, plaintiffs argue that Chapman did not possess the requisite training, experience or expertise to give an expert opinion on these two things.
Generally, a witness not testifying as an expert may not give testimony in the form of opinions or inferences. However, the rule is subject to the limited exception of La. C.E. art. 701 which provides that a lay witness may provide testimony in the *1184 form of opinions or inferences where those opinions or inferences are rationally based upon the perception of the witness and helpful to a clear understanding of his testimony or determination of a fact at issue. Cho v. Royal Oldsmobile Co., Inc., 98-527 (La.App. 5th Cir.11/25/98), 722 So.2d 1138; Louisiana Land and Exploration Co. v. Verdin, 95-2579 (La.App. 1st Cir.09/27/96), 681 So.2d 63, writ denied, 96-2629 (La.12/13/96), 692 So.2d 1067, cert denied, 520 U.S. 1212, 117 S.Ct. 1696, 137 L.Ed.2d 822 (1997).
The trial court is vested with much discretion in determining first, which opinion testimony shall be received into evidence and second, whether it will be received as lay or expert testimony. Cho, supra; Griffin v. Tenneco Oil Co., 625 So.2d 1090 (La.App. 4th Cir.1993), writ denied, 93-2710 (La.01/07/94), 631 So.2d 449.
In this case, Chapman testified that he inspected and photographed plaintiffs' vehicle for the purpose of a damage estimate. He described the bumper assembly as a "five-mile [an hour] absorber." He explained that this meant that if there was an impact of greater than five m.p.h., the bumper was designed to collapse. Otherwise, the bumper would absorb the energy of the impact, much like a shock absorber, causing minimal damage to the bumper. He observed that in this case, plaintiffs' car bumper had not collapsed and had worked properly. When then questioned regarding the likely speed of the vehicle at impact, in light of the minimal damage he noted, the plaintiffs objected claiming that the question called for a conclusion beyond the scope and knowledge of the witness. The trial court overruled the objection and allowed the testimony, opining that the response to the question did not necessarily call for an expert opinion. Chapman testified that the impact between the vehicles was five m.p.h. or less. Plaintiffs' counsel then extensively cross-examined Chapman about this conclusion, his inspection of the plaintiffs' vehicle, and his experience and knowledge which would enable him to reach a conclusion regarding impact speed. Chapman was also questioned regarding his qualification to state that the bumper assembly worked properly. Chapman indicated that he had been to several GM and Chrysler schools and learned collision theory as an automobile technician.
Thereafter, upon redirect examination, and without objection, defense counsel established Chapman's experience and knowledge in the auto body repair and damage assessment fields. Chapman indicated that he first became involved in these fields in 1982. He began automobile collision repair work at a paint and body shop where he was part owner. From 1990 to 1998, he managed two different car dealership body shops. He then began his job with State Farm as an auto property damage estimator. His job entailed the examination, inspection and assessment of needed repairs for wrecked vehicles.
Defense counsel then attempted to tender the witness as an expert. Again, plaintiffs' counsel objected. The trial court resolved the matter by indicating that the testimony regarding Chapman's background and experience would go to the weight of his testimony.
We find no error in the trial court's determination. Clearly, Chapman's testimony is rationally based upon his perceptions. His approximate sixteen-year experience and background in automobile collision repair is reflected in his testimony describing his personal observations. Specifically, his conclusion regarding the force of impact is rationally related to his personal viewing of the bumper and knowledge concerning the bumper's normal response at impact. Moreover, his personal inspection of the vehicle and extensive background with this type of repair is certainly helpful and relevant to factual determinations relating to damages and causation. Accordingly, we find no error in the trial court's acceptance of Chapman's lay opinion. Moreover, the accuracy *1185 of this testimony was an appropriate matter for cross-examination and goes to the weight, rather than admissibility, of the evidence. Louisiana Land and Exploration Co., supra.

Causation
Plaintiffs also argue that the trial court committed manifest error in concluding that there was no causal connection between the automobile accident and Merrells' injuries. In particular, plaintiffs contend that the trial court ignored the legal presumption that Merrells' injuries arose from the accident, erroneously relied upon or attached undue weight to Chapman's conclusions regarding the damage to the bumper and force of impact, erroneously considered the manifestation of Merrells' injuries immediately after the accident, and compared the ages and injuries of Merrells (age fifty-seven) and Williams (age seventy-four) in the causation ruling.
In a personal injury suit, the plaintiff bears the burden of proving a causal relationship between the accident and any alleged injuries. Harper v. Garcia, 32,142 (La.App.2d Cir.08/18/99), 739 So.2d 996. Whether the accident caused the plaintiff's injuries is a factual question which should not be reversed on appeal absent manifest error. Id.
The trial court may evaluate an expert's testimony by the same rules applicable to other witnesses. Harper, supra. After weighing and evaluating medical testimony, the trial judge may accept or reject a medical expert's opinion. Id.
At trial, via deposition testimony, Patterson opined that Merrells' injuries were caused by the accident. Nevertheless, the record shows that the trial court rejected this conclusion. Considering that Patterson's testimony connected the injury with the accident only through the history Merrells gave him, his admission that Merrells could have intentionally caused her muscle tension, her history of pre-existing arthritis, and a prior automobile accident in which she apparently sustained similar injuries of which she now complains, we find this credibility determination to be a reasonable one. Moreover, the trial court's reasons for judgment show that the court accepted Williams' version of the accident, i.e. that the automobile idled forward at a very low rate of speed, and rejected Merrells' claims regarding the hard impact. Because both the photographs and police report support Williams' version of the facts, we find no error in the court's choice of this permissible view of the evidence. Additionally, we read the trial court's mention of Merrells' claim that the injuries immediately manifested themselves, and the comparison of both parties' ages to have been part of that credibility analysis. Also important for purposes of our review is the fact that the trial court observed the witnesses as they testified and could take note of their demeanor and tone of voice in order to assess their credibility. When presented with the particular facts of this case, we cannot say that the trial court's evaluation of the credibility of the evidence was unreasonable or erroneous. Accordingly, this assignment of error lacks merit.
Finally, as we have previously discussed, we find no error in the trial court's consideration of Chapman's lay opinion. Neither do we discern error in the weight given to the testimony by the trial court. Undoubtedly, Chapman had experience in and was assessing the vehicle damage for the purpose of insurance estimates; this was his occupation. Moreover, Chapman's description of the impact as "very minor" was clearly corroborated by both the police report and photographs of the vehicle entered into evidence. And, of course, force-of-impact testimony is a relevant factor in determining causation or extent of injuries. Harper, supra. Considering these factors and the great discretion given to the trial court regarding credibility determinations, we cannot find that the trial court attached undue weight to Chapman's testimony.

*1186 CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court at Merrells' costs.
AFFIRMED.